ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- ) | |
| ) | |
| Agility Defense & Government Services, Inc. ) | ASBCA Nos. 58870, 59261 |
| (a/k/a Agility DGS Holdings, Inc.) ) | |
| ) | |
| Under Contract No. SPM7LX-09-D-9004 ) | |

APPEARANCES FOR THE APPELLANT:     Gary L. Rigney, Esq.
                                   Jon D. Levin, Esq.
                                   W. Brad English, Esq.
                                     Maynard, Cooper & Gale, P.C.
                                     Huntsville, AL

APPEARANCES FOR THE GOVERNMENT:    Daniel K. Poling, Esq.
                                     DLA Chief Trial Attorney
                                   Matthew O. Geary, Esq.
                                     Trial Attorney
                                     DLA Land and Maritime
                                     Columbus, OH

                                   Gregory T. Allen, Esq.
                                     Trial Attorney
                                     Defense Contract Management Agency
                                     Chantilly, VA

OPINION BY ADMINISTRATIVE JUDGE THRASHER ON
THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Agility Defense & Government Services, Inc., (a/k/a Agility DGS Holdings, Inc.) (Agility) appeals the termination contracting officer's (TCO's) settlement determination related to the termination for convenience of contract line item numbers (CLINs) 0001 through 0006 of its contract (contract termination) with the Defense Logistics Agency (DLA) (ASBCA No. 58870). In addition, Agility seeks $297,794.26 resulting from DLA's constructive termination for convenience of CLIN 0002 prior to the contract termination (pre-termination claim) (ASBCA No. 59261). DLA moves to dismiss the pre-termination appeal (ASBCA No. 59261) without[1] prejudice alleging that

---

[1] The government's motion requests this appeal be dismissed both with and without prejudice (gov't mot. at 1, 6, 7). However, the government clarified this issue during oral arguments stating that it was requesting dismissal without prejudice and appellant could file its claim with the TCO (tr. 12).

the TCO's act in terminating CLIN 0002 as part of the contract termination rendered this appeal moot, thereby depriving the Board of subject matter jurisdiction. The parties jointly requested oral arguments on the motion, which were held on 12 August 2014.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. The DLA, Land and Maritime, Columbus, Ohio, (DLA) awarded an indefinite-quantity contract, No. SPM7LX-09-D-9004, to Agility on 12 December 2008. The primary requirements under the contract were to provide industrial hardware supply support directly to the maintenance operations at Tobyhanna Army Depot, Pennsylvania, by maintaining stock in designated bin locations under a fixed-price CLIN (CLIN 0001) and to acquire, stock and deliver industrial hardware supplies to worldwide customers at various destinations in accordance with task orders issued under CLIN 0002. (R4, tab 1 at G-1, -2) Although the contract contained seven CLINs, Agility complaint only "relates to the supply of Worldwide Demand Items to be provided under CLIN 0002 [R4, tab 1 at G-14, -58] of the contract for which [Agility] was to receive a fixed price per item…for *all* costs (management, infrastructure, item, and distribution) associated with the delivery of supplies" (compl. ¶ 5 (citing Federal Acquisition Regulation (FAR) 52.216-18)) (emphasis added).[2]

2. The contract included the FAR 52.212-4(1), CONTRACT TERMS AND CONDITIONS–COMMERCIAL ITEMS (FEB 2007) clause, which states, in pertinent part, in the event of a government termination for convenience the contractor may recover "a percentage of the contract price reflecting the percentage of the work performed prior to the notice of termination, plus reasonable charges the Contractor can demonstrate…have resulted from the termination" (R4, tab 1 at G-9).

3. Agility began work under CLIN 0002 in September 2009. In a 19 November 2009 memorandum decision, DLA announced that it had suspended The Public Warehousing Company, pursuant to FAR Subpart 9.4.[3] DLA extended the suspension to include The Public Warehousing Company's affiliates, including Agility.[4] Shortly thereafter, in light of the suspension, DLA notified Agility that *all* work under CLIN 0002 was suspended. Agility, however, continued to perform work under other CLINs, which were not affected by the suspension. (Compl. ¶ 7) Notwithstanding the suspension of CLIN 0002 activities, Agility maintained the ability to perform in the event that the suspension was lifted (compl. ¶ 8).

---

[2] All citations to the complaint reference appellant's Amended and Restated Complaint, filed with the Board and dated 15 May 2014 (Bd. corr.).

[3] *See* FAR 9.407-2(a) (providing for contractor's suspension where there exists adequate evidence of improprieties).

[4] *See* FAR 9.407-1(c) (providing that suspension may extend to contractor's affiliates).

4. In June, 2011, Agility requested that DLA terminate CLIN 0002 for convenience in order that Agility would not incur any further expenses in maintaining the required inventory and the capability to perform under CLIN 0002. DLA refused to terminate CLIN 0002 for convenience until a succession plan was in place. (Compl. ¶ 9)

5. On 23 November 2011, Agility filed its pre-termination claim asserting that CLIN 0002 had been constructively terminated as of 19 November 2009 and that the government had breached its implied covenant of good faith and fair dealing by continuing an indefinite suspension of CLIN 0002 which necessitated that Agility keep certain amounts of inventory on hand in order to maintain the capability to perform, as required by the contract. The pre-termination claim sought reimbursement for the value of the inventory which Agility continued to retain under the suspension in an amount of $586,029.76. (Compl. ¶ 11, ex. A)

6. On 20 March 2012, Thomas J. Maul, contracting officer (CO), issued a final decision denying Agility's pre-termination claim in its entirety (compl. ¶ 12, ex. B).

7. On 19 June 2012, Agility received a notice that its contract would be terminated for the government's convenience on or about 27 July 2012. The termination was subsequently issued by contract Modification No. P00012 (Mod. 12), dated 31 July 2012. Pertinent to this motion, Mod. 12 terminated contract CLINs 0001-0006 for convenience pursuant to FAR 52.212-4(1). (R4, tabs 4, 5)

8. As directed by the TCO, Agility submitted a proposal for a termination settlement which, *inter alia*, addressed a portion of the inventory which had been maintained under CLIN 0002 (compl. ¶ 14). The termination settlement proposal claimed a total of $509,937.79 for inventory buyback under CLINs 0001 & 0002, and DLA agreed to and subsequently paid Agility said amount (settlement proposal payment) (compl. ¶ 15, ex. B). However, Agility's complaint alleges only $288,235.50 of the settlement proposal payment is related to the pre-termination claim for costs under CLIN 0002 – reducing the pre-termination claim at issue to $297,794.26 (compl. ¶ 15).

9. Agility filed a complaint on 21 March 2013 with the United States Court of Federal Claims, Case No. 13-204-C. In its complaint, Agility challenged the propriety of the CO's decision dated 20 March 2012. (Compl. ¶ 16)

10. On 17 June 2013, the TCO issued a final decision on Agility's termination settlement proposal submitted under Contract No. SPM7LX-09-D-9004 (R4, tab 30

3

at G-680). Agility filed a notice of appeal with the Board and the appeal was docketed as ASBCA No. 58870 on 12 September 2013.

11. Pursuant to 41 U.S.C. § 7107(d), the United States Court of Federal Claims, by Order dated 19 February 2014, transferred Case No. 13-204-C (pre-termination claim) to the Board and on 15 April 2014, the matter was docketed as ASBCA No. 59261.

12. On 10 July 2014, DLA filed a motion to dismiss the pre-termination claim (ASBCA No. 59261) arguing that the Board lacked subject matter jurisdiction over the dispute because the contract termination rendered this dispute moot. The parties requested oral arguments on the motion, which were held on 12 August 2014. Subsequently, a hearing on both appeals was held on 8-9 September 2014.[5]

## DECISION

*Contentions of the Parties*

The government's motion asserts two basic arguments. First, the government argues that the contract termination rendered the pre-termination appeal moot because the remedies granted appellant by the contract termination are identical to those sought by the pre-termination appeal – the termination of CLIN 0002 for convenience – thereby depriving the Board of jurisdiction to hear this appeal (gov't mot. at 3-5). Second, the government argues the contract termination (absent a finding of bad faith or clear abuse of discretion) extinguished the issue of whether there was a prior termination, thereby granting appellant the same remedies as under the contract termination. As a result, appellant's pre-termination claim became subject to the termination for convenience clause, FAR 52.212-4(1), depriving the Board of jurisdiction over the appeal because appellant failed to present the pre-termination claim in its entirety to the TCO and that portion of the claim ($297,794.26) was not addressed under the TCO's final decision (gov't mot. at 4-6).

Appellant responds by arguing it continues to have an interest in the outcome of the appeal because it has not received all the money it is due, it does allege bad faith and, even if bad faith was not alleged, the remedies afforded a contractor under a termination for convenience are not the same as when a contract is constructively

---

[5] Due to the timing of the motion, the parties agreed to proceed with the hearing even with the motion pending.

terminated. Addressing the difference in remedies, appellant argues:

> In this case, the Contract was actually terminated for convenience while the Pre-Termination Claim was pending. The actual termination of the Contract on July 31, 2012 does not necessarily provide the same remedies as a constructive termination effective November 19, 2009. A constructive termination for convenience *retroactively* invokes the termination for convenience clause and allows a contractor to recover as if the government had actually invoked the clause on the date of the government's invalid action. Praecomm, Inc. v. United States, 78 Fed. Cl. 5, 11 (2007). The key difference between the remedies from a constructive termination for convenience and a subsequent actual termination for convenience is the effective date of the termination.
>
> Under the termination for convenience clause, the contractor may recover "a percentage of the contract price reflecting the percentage of work performed prior to the notice of termination, plus reasonable charges the Contractor can demonstrate...have resulted from the termination." FAR 52.212-4(1). The charges that reasonably result from a termination on November 19, 2009 and a notice of termination on June 19, 2012 can differ substantially. For example, expenses incurred prior to the notice of termination on June 19, 2012 may not be considered *a result* of the termination. However, if the Contract was constructively terminated as of November 19, 2009, the expenses incurred after said date certainly would be considered a result of the termination. Therefore, a subsequent actual termination for convenience may not provide the contractor the same relief as a constructive termination for convenience regardless of bad faith.

(App. resp. at 8-9)

*The merits of the motion*

A dispute only becomes moot when all "relief sought has been granted or...the questions originally in controversy between the parties are no longer at issue."

5

*Chapman Law Firm Co. v. Greenleaf Construction Co.*, 490 F.3d 934, 939-40 (Fed. Cir. 2007); *Lasmer Industries, Inc.*, ASBCA Nos. 56946, 56966, 11-1 BCA ¶ 34,671 at 170,801 (appeal dismissed with prejudice as moot where contracting officer granted all relief requested extinguishing the dispute between the parties). In deciding a motion to dismiss for lack of subject matter jurisdiction, we must "accept as true, and construe in a light most favorable to the non-movant, only undisputed factual allegations." *Linc Government Services, LLC*, ASBCA No. 58561 *et al.*, 14-1 BCA ¶ 35,473 at 173,933. None of the facts relevant to this motion are in dispute.[6] The proponent of the Board's jurisdiction bears the burden of establishing jurisdiction once challenged. *Raytheon Missile Systems*, ASBCA No. 58011, 13 BCA ¶ 35,241 at 173,016.

*Did Termination of CLIN 0002 Grant Appellant the Relief Sought and Extinguish the Dispute?*

We disagree with the government's conclusion that the relief granted under the pre-termination claim and the contract termination would be the same; appellant still has cognizable interests in the outcome of this appeal because contract termination of CLIN 0002 does not necessarily provide appellant the same relief as under the pre-termination claim. As noted by appellant, the timing of the termination order may have a significant impact on the measure of potential recovery under the terms of the commercial termination clause, FAR 52.212-4(1), and could potentially differ under each procedure (app. resp. at 8-9; tr. 18). This is true whether or not bad faith is alleged. Therefore, termination of CLIN 0002 did not grant appellant the full relief it sought or extinguish the dispute so as to render the appeal moot.

We also disagree with the government's argument that we lack jurisdiction over the pre-termination claim because it ceased to be an independent claim when CLIN 0002 was terminated and appellant has not submitted its settlement claim to the TCO as required. The pre-termination claim and the CO's denial of the claim predated the contract termination (SOF ¶¶ 5-6). Independent claims are not necessarily merged into the termination of the same contract under which the claim arose and may be appealed separately from the termination for convenience appeal. *James M. Ellett Construction Co. v. United States*, 93 F.3d 1537, 1548 (Fed. Cir. 1996); *RW Electronics Corp.*, ASBCA No. 46592, 96-2 BCA ¶ 28,540.

---

[6] The government concedes the remedies available under a constructive termination and termination of CLIN 0002 would not be identical if there were a finding of bad faith but argues appellant has not alleged bad faith in its pleadings (gov't mot. at 5, 6 n.2). Appellant disputes this fact, noting it alleges bad faith in its claim (SOF ¶ 5), and its complaint (compl. ¶ 11) (app. resp. at 7). However, it is not necessary for us to address this disputed fact to decide his motion.

6

## CONCLUSION

Construing the undisputed facts in a light most favorable to appellant, we conclude that the government's termination of CLIN 0002 for convenience did not grant appellant all the relief it sought nor resolve the dispute at issue under its pre-termination appeal so as to render this appeal moot. The government's motion to dismiss is denied.

Dated: 14 November 2014

JOHN J. THRASHER
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 58870, 59261, Appeals of Agility Defense & Government Services, Inc. (a/k/a Agility DGS Holdings, Inc.), rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

7