**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2014 MSPB 88**

Docket No. SF-0752-09-0864-A-1

**Robert Southerland,**

**Appellant,**

**v.**

**Department of Defense,**

**Agency.**

December 18, 2014

Cindy Fox, Esquire, San Francisco, California, for the appellant.

Christine J. Kim, Esquire, Stockton, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1    The appellant has filed a petition for review of an addendum initial decision that denied his motion for attorney fees. For the following reasons, we DENY the petition for review, AFFIRM the addendum initial decision as modified to further discuss the Equal Employment Opportunity Commission (EEOC) cases cited by the appellant, and DENY the fee petition.

## BACKGROUND

¶2    The procedural history of this matter is somewhat complicated and we recite the pertinent facts from our decision in *Southerland v. Department of Defense*, [119 M.S.P.R. 566](2013). The agency suspended the appellant for 30 days based on a charge of insubordination due to his failure to provide requested medical documentation, and he filed a Board appeal. *Id.*, ¶¶ 2-5; *see Southerland v. Department of Defense*, MSPB Docket Nos. SF-0752-09-0864-I-1, SF-0752-09-0864-I-2. Subsequently, the agency removed the appellant based on the following charges: (1) insubordination for not providing requested medical documentation; (2) 1 hour of absence without leave (AWOL) on August 25, 2009; and (3) failure to request leave in accordance with established procedures. *Southerland*, [119 M.S.P.R. 566](), ¶ 7. The appellant filed a Board appeal challenging the removal action. *Id.*; *see Southerland v. Department of Defense*, MSPB Docket No. SF-0752-10-0111-I-1. The administrative judge joined the suspension and removal appeals for hearing purposes. *Southerland*, [119 M.S.P.R. 566](), ¶ 8 n.2. The administrative judge, among other things, sustained the AWOL and failure to request leave charges, did not sustain either of the insubordination charges, found that the appellant proved his affirmative defense of disability discrimination in the removal action, and reversed the agency's actions. *Id.*, ¶ 8. The Board affirmed the administrative judge's findings regarding the AWOL and failure to request leave charges, but vacated the administrative judge's findings regarding the insubordination charges because he failed to make necessary credibility determinations. *Id.*, ¶ 9. The Board also remanded the appellant's claim of disability discrimination, finding, in pertinent part, that the administrative judge's consideration of the appellant's disability discrimination claim under the Americans with Disabilities Act Amendments Act of 2008 (ADAAA) should not employ a mixed-motive analysis, but instead, should apply a "but for" analysis. *Id.*

¶3      On remand, the administrative judge sustained both insubordination charges, found that the appellant did not prove his disability discrimination claim in the removal action, and affirmed the 30-day suspension and removal. *Id.*, ¶¶ 10-11; *see Southerland v. Department of Defense*, MSPB Docket Nos. SF-0752-09-0864-B-1, SF-0752-10-0111-B-1, Remand File, Remand Initial Decision (Jan. 20, 2012). The Board, with Member Robbins concurring, affirmed the administrative judge's decision to sustain both insubordination charges, and it upheld the suspension and removal actions. *Southerland*, 119 M.S.P.R. 566, ¶¶ 12-15, 32. The Board also affirmed the administrative judge's finding in the removal action that the appellant was "regarded as" disabled. *Id.*, ¶¶ 16-17.[1] The Board, relying on an EEOC decision, found that a mixed-motive analysis does apply to disability discrimination claims arising under the ADAAA, and it overruled its prior decision in this regard. *Id.*, ¶¶ 18-21. The Board further found that the deciding official's statement in the decision letter in the removal action constituted direct evidence of a discriminatory motive, but the agency demonstrated by clear and convincing evidence that it would have taken the same action against him absent the discriminatory motive. *Id.*, ¶¶ 22, 26-32.[2] Neither party filed an appeal of the Board's decision, and it became the final decision of the Board.

¶4      The appellant filed a petition for attorney fees, arguing that, pursuant to 5 U.S.C. § 7701(g)(2), the appellant was the prevailing party, there was a finding of discrimination, and fees in the amount of $57,818.00 were reasonable.

---

[1] The Board stated that it did not need to consider whether the agency's decision to suspend the appellant for 30 days was motivated by disability discrimination because the appellant did not challenge on review the administrative judge's statement in the remand initial decision that he was alleging only that the removal action was motivated by disability discrimination. *Id.*, ¶ 26 n.7.

[2] The Board noted that, under such circumstances, an appellant "may" be entitled to attorney fees and costs. *Id.*, ¶ 23 (citing 42 U.S.C. § 2000e-5(g)(2)(B)).

*See Southerland v. Department of Defense*, MSPB Docket No. SF-0752-09-0864-A-1, Attorney Fee File (AFF), Tab 1. The agency opposed the fee petition, arguing instead that the appellant was not a prevailing party and, pursuant to 5 U.S.C. § 7701(g)(1), the interests of justice do not warrant payment of such fees. AFF, Tab 3.

¶5 The administrative judge issued an addendum initial decision, which denied the fee petition. AFF, Tab 6, Initial Decision (ID). In pertinent part, the administrative judge noted that, although the Board found evidence of a discriminatory motive, it ultimately concluded that the appellant did not prove his affirmative defense of disability discrimination. ID at 4. The administrative judge considered the appellant's citation to EEOC cases that found that an appellant is a prevailing party for fee purposes when there is a finding of discrimination in a mixed-motive case, even though the appellant did not receive any personal relief because there was clear and convincing evidence that the agency would have taken the same action regardless of the discriminatory motive. The administrative judge did not find these cases persuasive, however, stating that the Board "has not yet done so." ID at 4-6. Moreover, the administrative judge determined that the agency was "clearly" the prevailing party and the appellant "obtained no relief whatsoever altering the parties' legal relationship." ID at 6. Therefore, he found that the appellant cannot be considered the prevailing party for purposes of an award of attorney fees pursuant to 5 U.S.C. § 7701(g)(2). ID at 6. Alternatively, the administrative judge determined that, even if the appellant could be considered a prevailing party, he would still deny the petition for fees because the appellant achieved minimal success. *See* ID at 6-7.

¶6 The appellant has filed a petition for review, and the agency has filed a response. *Southerland v. Department of Defense*, MSPB Docket No. SF-0752-09-0864-A-1, Petition for Review (PFR) File, Tabs 1, 3. The appellant reiterates that the EEOC has found that an appellant could be considered a

prevailing party for fee purposes when there is a finding of discrimination in a mixed-motive case, and he asserts that the Board must defer to the EEOC on this issue, which he claims is a matter of discrimination, not civil service, law.  PFR File, Tab 1 at 2-3.

## ANALYSIS

¶7       The appellant bears the burden of establishing his entitlement to an award of attorney fees.  *Brenner v. Department of the Interior*, 119 M.S.P.R. 399, ¶ 6 (2013) (citing *Parker v. Office of Personnel Management*, 75 M.S.P.R. 688, 691 (1997)).  The appellant relies on 5 U.S.C. § 7701(g)(2) as the statutory authority for the Board to award attorney fees in this matter.  *See* AFF, Tab 1. Section 7701(g)(2) states that, if an employee "is the prevailing party and the decision is based on a finding of discrimination prohibited under section 2301(b)(1) of this title, the payment of attorney fees shall be in accordance with the standards prescribed under section 706(k) of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-5(k))."  The provision at 42 U.S.C. § 2000e-5(k) states that the court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs."

¶8       In his motion for attorney fees, the appellant asserted that the Board made a finding of disability discrimination, which was prohibited under 5 U.S.C. § 2302(b)(1)(D).  *See* AFF, Tab 1 at 4-5.[3]  For the purposes of our analysis, we assume without deciding that the Board's finding that the deciding official's

---

[3] The appellant's motion for attorney fees bears the docket numbers of the remanded suspension and removal appeals.  *See* AFF, Tab 1.  Although he acknowledged that the Board made findings on the discrimination issue in the removal action, *see id.* at 1, it is unclear from the attorney's Summary of Time submission whether he is seeking fees for work performed in the suspension matter, *see* AFF, Tab 1, Exhibit 3.  To the extent that the appellant may be seeking fees for his attorney's work in the suspension matter under 5 U.S.C. § 7701(g)(2), he is not entitled to or eligible for such an award in the absence of a finding of discrimination.

statements in the decision letter regarding the removal were "direct evidence of a discriminatory motive," *Southerland*, 119 M.S.P.R. 566, ¶ 22, constitutes a "finding of discrimination" under 5 U.S.C. § 7701(g)(2). The following questions remain: (1) Is the appellant a "prevailing party"? and (2) If so, is the appellant entitled to fees?

<u>The appellant is not a prevailing party and, thus, he is not entitled to an award of attorney fees as a matter of civil service law.</u>

¶9        Civil service case law is clear: an appellant is, or is not, a prevailing party for purposes of 5 U.S.C. § 7701(g) in the case as a whole, and whether he may be deemed a prevailing party depends on the relief ordered in the Board's final decision. *Driscoll v. U.S. Postal Service*, 116 M.S.P.R. 662, ¶ 9 (2011); *see Baldwin v. Department of Veterans Affairs*, 115 M.S.P.R. 413, ¶ 11 (2010) (finding that the determination of an award of attorney fees is based upon the Board's final decision and whether, by the final decision, the appellant is a prevailing party).[4] Indeed, the U.S. Court of Appeals for the Federal Circuit and the Board have expressly adopted the standard set forth by the U.S. Supreme Court that an appellant is considered to have prevailed in a case and to be entitled to attorney fees only if he obtains an "enforceable order" resulting in a "material alteration of the legal relationship of the parties." *Baldwin*, 115 M.S.P.R. 413, ¶ 11 (citing *Buckhannon Board & Care Home, Inc. v. West Virginia Department*

---

[4] In *Baldwin* and *Driscoll*, the Board considered fee petitions made pursuant to 5 U.S.C. § 7701(g)(1), which states, in relevant part, that the Board "may require payment by the agency involved of reasonable attorney fees incurred by an employee . . . if the employee . . . is the prevailing party and the Board . . . determines that payment by the agency is warranted in the interest of justice." Because the Board has held that section 7701(g)(2) is not a separate basis upon which an appellant may be entitled to a fee award, but rather only provides how the amount of a fee award authorized under subsection (g)(1) can be calculated, *Burch v. Department of Homeland Security*, 109 M.S.P.R. 426, ¶ 15 (2008), we find that the Board's definition of "prevailing party" in *Baldwin* and *Driscoll* is equally applicable to fee petitions made pursuant to 5 U.S.C. § 7701(g)(2).

*of Health & Human Resources*, 532 U.S. 598, 604 (2001)); *see Sacco v. Department of Justice*, 317 F.3d 1384, 1387 (Fed. Cir. 2003) (acknowledging the U.S. Supreme Court's standard in *Buckhannon* for determining prevailing party status under 5 U.S.C. § 7701(g)(1)).[5] Thus, an appellant "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the agency's behavior in a way that directly benefits the appellant. *See Baldwin*, 115 M.S.P.R. 413, ¶ 11. Moreover, the extent of relief that an appellant receives on his claim does not affect whether the appellant is a prevailing party. *Id.*; *see Farrar v. Hobby*, 506 U.S. 103, 112-15 (1992) (finding that a plaintiff who wins nominal damages is a prevailing party under 42 U.S.C. § 1988, but awarding no fees because of the minimal success that was achieved).[6]

¶10     As discussed above, the appellant, in the removal appeal, obtained only a finding that the deciding official's statements in the decision letter constituted direct evidence of disability discrimination, but the Board ultimately determined that the agency proved by clear and convincing evidence that it still would have removed him absent its improper consideration of his medical condition, and it concluded that the appellant did not prove his affirmative defense of disability discrimination. *See Southerland*, 119 M.S.P.R. 566, ¶¶ 22, 26-32. Moreover, the Board sustained all charges against the appellant in the removal appeal, and it upheld the removal action. *See id.*, ¶¶ 9, 12-15, 32. Thus, the appellant achieved

---

[5] In fact, even beyond civil service law, the Federal Circuit has consistently recognized the *Buckhannon* rule that prevailing party status is obtained only if there is "an actual, court-ordered alteration in the legal relationship [between] the parties." *Chapman Law Firm Co. v. Greenleaf Construction Co.*, 490 F.3d 934, 939 (Fed. Cir. 2007); *see Rice Services, Ltd. v. United States*, 405 F.3d 1017, 1025 (Fed. Cir. 2005).

[6] In *Farrar*, 506 U.S. at 109-12, the U.S. Supreme Court evaluated the civil rights attorney fees provision at 42 U.S.C. § 1988, which, like 42 U.S.C. § 2000e-5(k), states that the court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."

no actual relief and there was no material alteration of the legal relationship between the parties. For these reasons, we conclude that he was not a prevailing party under 5 U.S.C. § 7701(g). *Cf. Driscoll*, 116 M.S.P.R. 662, ¶ 9 (finding that the appellant was a prevailing party because his cross petition for review, though unsuccessful, was filed in support of a single litigation that culminated in an enforceable final decision against the agency that changed the legal relationship between the parties).

¶11        The appellant asks the Board to defer to the EEOC's apparent determination that, in a mixed-motive case, an appellant is considered a prevailing party even if the agency proved by clear and convincing evidence that it would have taken the action against him regardless of the discriminatory motive, and even in the absence of any award of personal relief. *See* PFR File, Tab 1 at 2-3 (citing *Bell v. Department of the Navy*, EEOC Appeal No. 0720080024, 2008 WL 2662585 (June 25, 2008); *Call v. Department of Transportation*, EEOC Appeal No. 0720070017, 2007 WL 3244166 (Oct. 25, 2007); *Volz v. Department of Justice*, EEOC Appeal No. 07A10026, 2002 WL 1999046 (Aug. 23, 2002)).

¶12        It is true that, as a matter of law, the Board generally defers to the EEOC on issues of substantive discrimination law unless the EEOC's decision rests on civil service law for its support or is so unreasonable that it amounts to a violation of civil service law. *Southerland*, 119 M.S.P.R. 566, ¶ 20. Yet, the Board has consistently decided that it must follow the precedent of the highest court in the land, the U.S. Supreme Court, which has repeatedly declined to find that the EEOC's interpretive guidelines have the force of law or to give those guidelines deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). *University of Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517 (2013); *Vance v. Ball State University*, 133 S. Ct. 243 (2013); *Hosanna–Tabor Evangelical Lutheran Church & School v. Equal Employment Opportunity Commission*, 132 S. Ct. 694, 707 (2012). We shall

continue that prudent, judicious, and long-standing course of action in this case and will look to the EEOC's guidance as merely instructive, rather than controlling.

¶13    Finally, the appellant, by this argument, assumes that an EEOC decision regarding an attorney fees award must constitute a decision on an issue of substantive discrimination law. We cannot agree. Generally speaking, an attorney fees award is a remedy that could be available to individuals in a case, but only after a decision on the merits or after the substantive issues have been resolved; determinations on an entitlement to an award of attorney fees should not be confused with the substantive matter of a case itself. *See, e.g.*, *Luciano Pisoni Fabbrica Accessori Instrumenti Musicali v. United States*, 837 F.2d 465, 467 (Fed. Cir. 1988) (finding that a decision on an award of attorney fees is a judgment independent of the result on the merits and is reached by an examination of the government's position and conduct through the Equal Access to Justice Act "prism," not by redundantly applying whatever substantive rules governed the underlying case) (citing *Federal Election Commission v. Rose*, 806 F.2d 1081, 1090 (D.C. Cir. 1986)).

Upon consideration of the facts of this case, the Board exercises its discretion under 5 U.S.C. § 7701(g) to find that the appellant is not entitled to attorney fees.

¶14    Even if we were to find that the appellant is a prevailing party, and that the Board's prior decision in the removal appeal constitutes a finding of discrimination, we conclude that the circumstances of this matter are sufficiently similar to the circumstances in *Arnold v. Department of the Air Force*, 94 M.S.P.R. 17, ¶¶ 18-21 (2003), so as to warrant the same outcome.[7] For

---

[7] The appellant states on review that the Board in *Arnold* "acknowledged that the issue of who is the prevailing party when discrimination is found is a matter of discrimination law, not civil service law." PFR File, Tab 1 at 3. The appellant does not identify a specific passage for this proposition, and we do not agree that *Arnold* stands for this proposition.

instance, the appellant, like Mr. Arnold, has not been reinstated to his position or placed in any other position as a result of Board proceedings, nor has he received back pay. *See id*., ¶ 25.[8] Indeed, the appellant has achieved no relief whatsoever, and the only possible outcome in his favor was a single determination in the removal appeal that the deciding official's statements in the decision letter constituted direct evidence of a discriminatory motive; however, the administrative judge properly noted in the addendum initial decision that the Board found that the appellant did not ultimately prove his affirmative defense of disability discrimination, and it upheld the removal. We have considered the appellant's "degree of success," *see Arnold*, 94 M.S.P.R. 17, ¶ 26 (citing *Farrar*, 506 U.S. at 114-15), but we conclude that his success in the removal action could not even be described as minimal. Exercising our discretion and authority pursuant to 5 U.S.C. § 7701(g)(2), we therefore conclude that the appellant is not entitled to fees for any work performed by his counsel in the removal appeal.

## ORDER

¶15        This is the final decision of the Merit Systems Protection Board in this matter. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

---

[8] The appellant correctly notes on review that there are other procedural irregularities in *Arnold* that were not present in this matter, *see* PFR File, Tab 1 at 4-5, but we find that these differences are immaterial.

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:

_____
William D. Spencer
Clerk of the Board
Washington, D.C.