ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Matcon Diamond, Inc. | ) ASBCA No. 59637 |
| | ) |
| Under Contract No. W912KC-12-C-0002 | ) |

APPEARANCES FOR THE APPELLANT: David A. Levine, Esq.
Haig M. Sakoian, Esq.
Blumling & Gusky, LLP
Pittsburgh, PA

APPEARANCES FOR THE GOVERNMENT: Raymond M. Saunders, Esq.
Army Chief Trial Attorney
CPT Harry M. Parent, JA
Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE YOUNGER
ON THE GOVERNMENT'S MOTION TO DISMISS FOR FAILURE TO STATE A
CLAIM UPON WHICH RELIEF CAN BE GRANTED

Appellant, Matcon Diamond, Inc., appeals from the contracting officer's 30 July 2014 final decision denying its 29 April 2014 certified claim seeking to recover extended home office overhead costs in the amount of $360,742.92 under the captioned contract for the repair of the Pennsylvania National Guard's aircraft apron at the Pittsburgh International Airport. We have jurisdiction pursuant to the Contract Disputes Act, 41 U.S.C. §§ 7101-7109.

The government moves to dismiss this appeal for failure to state a claim upon which relief can be granted. The government argues that appellant's claim is barred because appellant failed to assert its claim prior to final payment (gov't mot. at 4). Appellant contends that the government's motion should be denied because it impermissibly relies on evidence outside of appellant's complaint (app. opp'n at 4-6). Appellant further maintains that the evidence presented by the government is insufficient to establish that final payment was made under the contract (id. at 6-8).

A motion to dismiss for failure to state a claim upon which relief can be granted is appropriate where the facts asserted in the complaint do not entitle the claimant to a legal remedy. *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). In deciding a motion to dismiss for failure to state a claim, we "must accept well-pleaded factual allegations as true and must draw all reasonable inferences in favor of the claimant." *Kellogg Brown & Root Services, Inc. v. United States*, 728 F.3d 1348, 1365 (Fed. Cir.

2013). We decide only whether the claimant is entitled to offer evidence in support of its claims, not whether the claimant will ultimately prevail. *Chapman Law Firm Co. v. Greenleaf Construction Co.*, 490 F.3d 934, 938 (Fed. Cir. 2007). The scope of our review is limited to considering the sufficiency of the allegations set forth in the complaint, "matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record." *A&D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1147 (Fed. Cir. 2014) (alteration in original) (citation omitted); *see also Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (On a motion to dismiss for failure to state a claim, "courts are limited to considering the sufficiency of allegations set forth in the complaint and the documents attached or incorporated into the complaint.") (internal quotation marks and citation omitted).

A party is not required to negate an affirmative defense in its complaint. *ABB Turbo Sys. AG v. TurboUSA, Inc.*, 774 F.3d 979, 985 (Fed. Cir. 2014); *Flying Food Group, Inc. v. NLRB*, 471 F.3d 178, 183 (D.C. Cir. 2006). Dismissal for failure to state a claim on the basis of an affirmative defense is proper only where the defense clearly appears on the face of the complaint. *ASARCO, LLC v. Union Pacific R.R.*, 765 F.3d 999, 1004 (9th Cir. 2014); *Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 (2nd Cir. 2013); *Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993); *see also Ruiz-Sanchez v. Goodyear Tire & Rubber Co.*, 717 F.3d 249, 252 (1st Cir. 2013) (Dismissal for failure to state a claim "on the basis of an affirmative defense requires that (i) the facts establishing the defense are definitively ascertainable from the complaint and other allowable sources of information, and (ii) those facts suffice to establish the affirmative defense with certitude.").

The government's final payment defense is an affirmative defense on which it bears the burden of proof. *See Electro-Technology Corp.*, ASBCA No. 42495, 93-2 BCA ¶ 25,750 at 128,133. Final payment to the contractor bars claims which are submitted subsequent to the final payment. *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed. Cir. 1987). However, final payment does not bar a claim where the contracting officer knows that the contractor is asserting a right to additional compensation, even though a formal claim has not been filed. *JT Construction Co.*, ASBCA No. 54352, 06-1 BCA ¶ 33,182 at 164,464; *Navales Enterprises, Inc.*, ASBCA No. 52202, 99-2 BCA ¶ 30,528 at 150,757.

The government does not cite any allegations in appellant's complaint to establish that the claim for extended home office overhead costs was asserted subsequent to final payment under the contract. Rather, the government solely relies upon two documents attached to its motion that appear to be printouts from the government's computer records (gov't mot., exs. 1-2). These documents were not attached to the complaint. Nor does the government argue, much less establish, that the documents are integral to appellant's claim. Accordingly, we may not consider the government's exhibits in deciding its motion to dismiss. The government has therefore failed to establish from the allegations

2

in the complaint or other permissible documents that final payment occurred prior to the submission of appellant's claim. Moreover, appellant contends that the contracting officer was on notice of appellant's claim prior to the alleged final payment (app. opp'n at 6-7), and the government has failed to show that the allegations in appellant's complaint foreclose that contention.

The government has failed to establish its final payment defense from the face of appellant's complaint or other permissible sources. The government's motion to dismiss for failure to state a claim upon which relief can be granted is denied.

Dated: 21 October 2015

ALEXANDER YOUNGER
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59637, Appeal of Matcon Diamond, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3