ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- | ) |
| | ) |
| John Shaw LLC d/b/a Shaw Building Maintenance | ) ASBCA Nos. 61379, 61585 |
| | ) |
| Under Contract No. AAFES REZ-09-002-10-026 | ) |

APPEARANCE FOR THE APPELLANT:              Mr. John Shaw, Jr.
                                           Owner

APPEARANCES FOR THE GOVERNMENT:            Raymond M. Saunders, Esq.
                                            Army Chief Trial Attorney
                                           CPT John M. McAdams III, JA
                                           MAJ Jason W. Allen, JA
                                            Trial Attorneys

OPINION BY ADMINSTRATIVE JUDGE OSTERHOUT
ON THE GOVERNMENT'S PARTIAL MOTION TO DISMISS
AND APPELLANT'S MOTIONS FOR RECONSIDERATION

The appeals at issue concern Contract No. AAFES REZ-09-002-10-026 (the contract), which was awarded by the United States Army (Army or government) to John Shaw LLC d/b/a Shaw Building Maintenance (Shaw LLC or appellant) to furnish all personnel, supervision, equipment, tools, materials, supplies and services at Eielson Air Force Base in Alaska. On March 20, 2017, and March 27, 2018, Shaw LLC submitted claims to the Army contracting officer. The contracting officer denied both claims in full and appellant appealed both decisions. Several motions followed. This decision resolves the several outstanding motions concerning ASBCA Nos. 61379 and 61585.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTIONS

1. Contract No. AAFES REZ-09-002-10-026, was awarded by the Army to Shaw LLC on May 2, 2010, for an estimated amount of $358,000.00 (R4, tab 1 at 3). The contract was to furnish all personnel, supervision, equipment, tools, materials, supplies and services for janitorial services in the shoppette and shopping center at Eielson Air Force Base in Alaska (*id.* at 7, 37). On May 31, 2012, the government exercised the option in the contract to extend services to cover June 1, 2012 through May 31, 2013 (R4, tab 2 at 1).

2. On March 20, 2017, Shaw LLC submitted a claim to the Army contracting officer in the amount of $419,781.01, broken down as follows:

a. Total losses amounted to $40,872.54 but Mr. Shaw stated, "Exchange paid good faith amount of $31,826.70 to offset a portion of losses." Thus, Shaw LLC claimed $9,045.84 for the outstanding balance of losses for explosion proof equipment;

b. $2,009.77 in Prompt Payment Act interest; and

c. $408,725.40 for punitive damages.

(R4, tab 13) The claim alleged that the government failed to update account information which caused a failure to timely pay two invoices for services provided by Shaw LLC. Shaw LLC also alleged that the government's failure to pay the invoices forced appellant to use funds from a contract unrelated to the contract in question in this appeal. This caused Shaw LLC to store equipment in Alaska that it could not afford to ship back to North Carolina. Shaw LLC also alleged that the failure of the government to pay the two invoices resulted in other financial hardships for appellant, such as failure to financially secure future contracts, a sale of the stored equipment, and withheld payments on other contracts. (*Id.*)

3. On August 16, 2017, the contracting officer denied the claim in full. The contracting officer determined that Shaw LLC failed to inform the contracting officer directly of the updated account information to which Shaw LLC desired to be paid, as required by the contract. Thus, the contracting officer denied Shaw LLC's requests for Prompt Payment Act interest and storage fees. Further, the contracting officer denied punitive damages because the claim failed to provide a basis in the contract to support those damages. The letter stated that the decision was final and provided appeal rights. (R4, tab 14) On October 24, 2017, Shaw LLC appealed to the Board, which was docketed as ASBCA No. 61379.

4. On December 21, 2017, the government moved to dismiss and strike counts III and IV from the docket and stay the proceedings in ASBCA No. 61379. Count III was for punitive damages and count IV was for consequential damages for "missed opportunities." On January 27, 2018, appellant responded and requested that the Board remove the word "punitive" from the docket to resolve the issue that the Board had no authority to award punitive damages. Appellant again stated that it was the government's fault that Shaw LLC had outstanding debts and financial problems and reasserted that Shaw LLC was entitled to Prompt Payment Act interest. Further the response detailed phone calls made between John Shaw and the government. (App. resp.) On January 29, 2018, appellant amended its response to the motion to include a debt owed to the Internal Revenue Service in the amount of $14,635.57, with the same conclusion paragraph as the original response (app. amended resp.). On February 7, 2018, the government stated that it was not submitting a reply. On February 21, 2018, the Board denied the government's request for a stay and deferred dispositive motions. On February 22, 2018, the Board issued a show cause order, directing appellant to show cause as to why its $1,882,002 claim for "missed opportunities" should not be dismissed

2

for lack of jurisdiction for failing to first present the claim to the contracting officer. On February 26, 2018, Shaw LLC responded to the show cause order, stating that he was actually owed $2.2 million but in fairness to the parties he applied an "80/20 rule" so he was claiming $1.8 million and outlined the amounts (app. resp. to order). On February 28, 2018, the government responded by reiterating its arguments made in its motion to dismiss and strike. Specifically, the government stated that missed opportunities were too speculative to be compensable damages and the Board lacked jurisdiction over punitive damages claims. On March 1, 2018, Shaw LLC responded that missed opportunities were not speculative. On March 8, 2018, the Board granted the government's motion to dismiss punitive damages and "missed opportunities." *John Shaw LLC d/b/a Shaw Building Maintenance*, ASBCA No. 61379, 18-1 BCA ¶ 37,003.

5. On March 16, 2018, appellant moved for leave to amend its claim and complaint. Appellant also requested a three-month extension of the schedule. On March 20, 2018, the government responded, requesting that the Board deny the motion in full because: 1) appellant failed to show good cause for the Board to grant the motion; 2) appellant's motion improperly sought to circumvent the Board's decision without requesting reconsideration; and 3) the government argued it would be unfairly prejudiced if the motion were granted. On March 22, 2018, the Board denied the motion to extend the proceedings for three months. On March 25, 2018, appellant replied to the government's response, stating that because the Board's rules are vague, he was not sure of the process and that he had submitted an amended claim to the contracting officer.

6. On March 25, 2018, appellant moved for reconsideration of the decision dismissing its claims for punitive damages and "missed opportunities" and listed several reasons, including to provide additional time for the Board and the parties; that the government failed to notify appellant of its intention to move to dismiss; that damages are in the Board's jurisdiction and removing punitive damages does not eliminate damages that occurred; that appellant made the decision to amend its claim before it received the Board's ruling on March 16, 2018; that the amended claim was forwarded to the contracting officer; and for equal justice. On April 3, 2018, the Board denied the motion for reconsideration. On the same day by separate decision, the Board also denied appellant's motion for leave to amend its complaint because the proposed amended complaint requested punitive or exemplary damages, which the Board previously determined that it did not have jurisdiction to award. *Shaw LLC*, 18-1 BCA ¶ 37,026.

7. On March 27, 2018, Shaw LLC submitted an amended claim to the contracting officer in the amount of $2,916,323.61 (R4, tab 23). Appellant's amended claim basically restated the original claim and complaint, including the portions that the Board previously dismissed. Appellant's new appeal (ASBCA No. 61585) adds the $31,826.70 for outstanding invoices not originally claimed and which appellant admitted, in the initial claim, was previously paid. It also adds $2,986.81 for the Alaska Department of Labor,

3

$14,636.00 for the Internal Revenue Service (IRS), $4,662.00 for telephone costs, and a different amount for "missed opportunities." A chart is helpful to demonstrate the similarities in the appeals:

| Item Claimed | March 20, 2017 Claim to CO | November 23, 2017 Complaint ASBCA No. 61379 | March 27, 2018 Claim to CO | May 7, 2018 Complaint ASBCA No. 61585 |
|---|---|---|---|---|
| I. Invoices | "My total losses with AAFES amounted to $40,872.54. Exchange paid good faith amount of $31,826.70 to offset a portion of losses." (R4, tab 13 at 2) | Not claimed | $31,826.70 | $31,826.70 (Count I) |
| II. Equipment | $9,045.84 | $9,045.84 (Count I) | $9,045.84 | $9,045.84 |
| III. Prompt Payment Interest | $2,009.77 | $2,009.77 (Count II) | $2,009.77 | $3,691.17 |
| IV. Alaska Department of Labor | Not claimed | Not claimed | $2,986.81 | $2,986.81 |
| V. IRS | Not claimed | Not claimed | $14,636.00 | $14,636.00 |
| VI. Telephone Cost | Not claimed | Not claimed | $4,662.00 | $4,662.00 |
| VII. Exemplary/ Punitive Damage | $408,725.40 | $408,725.40 (Count III) | $645,154.49 | $661,800.00 (Count VIII) |
| VIII. "Missed opportunities" | Not claimed | $1,882,002.00 (Count IV) | $2,206,002.00 | "Missed opportunities" of $2,206,002 were introduced as punitive damages in original claim. In amended claim punitive damages was excluded. (Count VII) |

8. On March 29, 2018, the contracting officer denied the amended claim in full. Also on March 29, 2018, Shaw LLC appealed the decision to the Board, which was docketed as ASBCA No. 61585.

9. On April 11, 2018, appellant requested discovery assistance and moved to stay proceedings. Appellant stated that it submitted 50 discovery questions to the government and did not receive appropriate answers. On April 17, 2018, the government responded, requesting that the Board deny the motion.

10. On April 16, 2018, appellant requested subpoenas for personnel at American Telephone and Telegraph Co., Earthlink, and CenturyLink for emails during 2010 through 2016.

11. The Board decided the discovery issues over the following week. On April 23, 2018, the Board denied the April 16, 2018 request for subpoena. On April 26, 2018, the Board held a conference call with the parties, where we denied appellant's April 11, 2018 motion for discovery assistance. The Board was not persuaded that appellant's request for discovery was proportional to the appeals because nearly all of the requests for additional discovery pertained to punitive damages, exemplary damages, or "missed opportunities."

12. On April 18, 2018, the government moved to consolidate ASBCA No. 61585 with ASBCA No. 61379 and moved to dismiss and strike counts I ($31,826.70 for outstanding invoices), VII ($2,206,002.00 for "missed opportunities"), and VIII ($645,154.49 in "exemplary damages") from the docket. On April 26, 2018, the Board held a conference call with the parties, where appellant agreed with consolidating the appeals. Accordingly, the Board ordered the appeals consolidated. The Board also allowed appellant until April 30, 2018, to respond to the motion to dismiss.

13. On May 14, 2018, appellant moved to separate ASBCA No. 61585 from ASBCA No. 61379 for a variety of reasons. On May 15, 2018, the government responded to the motion, requesting that the Board deny the motion. On May 21, 2018, appellant submitted a response to the government's verbal opposition to separate. On May 22, 2018, the government replied that it did not intend to file a response.

14. On May 21, 2018, appellant filed a motion to reconsider the rulings in ASBCA Nos. 61379 and 61585 regarding exemplary damages. Appellant also requested reconsideration of the ruling in *Erwin Pfister General-Bauunternehmen*, ASBCA No. 43980 *et al.*, 01-2 BCA ¶ 31,431 at 155,225 ("Appellant is requesting reconsideration of ruling regarding ASBCA NO. 43980, ASBCA NO. 61379 and ASBCA NO. 61585 regarding exemplary damages.") (app. mot.). Specifically, appellant lists particular paragraphs (34-36) of *Erwin Pfister*, 01-2 BCA ¶ 31,431 at 155,225; particular paragraphs (22-24) of *Schneider Haustechnik GmbH*, ASBCA Nos. 43969, 45568, 01-1 BCA ¶ 31,264 at 154,438-39; and particular paragraphs (19-21) of *Andreas Boehm Malergrossbetrieb*, ASBCA No. 44017, 01-1 BCA ¶ 31,354 at 154,838 (app. mot.). On May 22, 2018, the government replied that it did not intend to file a response.

5

15. On May 21, 2018, appellant moved for reconsideration of the decision denying its request to compel discovery. Appellant stated that it received discovery by a zip drive that it could not access. Further, appellant stated that Shaw LLC required information from Invoice Nos. 2701 and 2863. Appellant stated that the information received confirmed information provided to Shaw LLC on previous occasions. (App. mot.) On May 22, 2018, the government replied that it did not intend to file a response.

16. On June 12, 2018, appellant again moved for discovery assistance and for a hearing date to be scheduled after May of 2019 or 2020. This appears to be a duplicate request of appellant's prior requests. In the brief motion, appellant claims that the government has ignored its 50 discovery requests, which is the same number appellant discussed at the last conference call between the Board and the parties.

## DECISION

At issue before the Board are an initial government partial motion to dismiss and appellant's motion to reconsider several of the Board's prior decisions. While moving to consolidate ASBCA No. 61585 with ASBCA No. 61379, which the Board previously granted, the government also moved to dismiss and strike counts I ($31,826.70 for outstanding invoices), VII ($2,206,002.00 of "missed opportunities"), and VIII ($645,154.49 in "exemplary damages") from the docket. Appellant moved for reconsideration of exemplary damages in its appeal as well as reconsideration of 17 years of existing Board precedent in matters regarding the Board's previous rulings on the issue of exemplary damages (SOF ¶ 14), and reconsideration of the denial of its motion to compel discovery (SOF ¶ 15).

The Board has carefully considered the various motions. The Board decides the various issues as stated below.

*I. Government's Partial Motion to Dismiss for Failure to State a Claim upon Which Relief can be Granted (ASBCA No. 61585 Count I)*

When deciding a partial motion to dismiss for failure to state a claim upon which relief can be granted, as we are for count I here, dismissal "is appropriate when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). "The Board will grant a motion to dismiss for failure to state a claim when the complaint fails to allege facts plausibly suggesting (not merely consistent with) a showing of entitlement to relief." *IBM Corp.*, ASBCA No. 60332, 18-1 BCA ¶ 37,002 at 180,194 (citing *Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009)).

6

When deciding a motion to dismiss for failure to state a claim, we "must accept well-pleaded factual allegations as true and must draw all reasonable inferences in favor of the claimant." *Kellogg Brown & Root Services, Inc. v. United States*, 728 F.3d 1348, 1365 (Fed. Cir. 2013). Further, "[w]e decide only whether the claimant is entitled to offer evidence in support of its claims, not whether the claimant will ultimately prevail." *Matcon Diamond, Inc.*, ASBCA No. 59637, 15-1 BCA ¶ 36,144 at 176,407 (citing *Chapman Law Firm Co. v. Greenleaf Construction Co.*, 490 F.3d 934, 938 (Fed. Cir. 2007)).

"The scope of our review is limited to considering the sufficiency of allegations set forth in the complaint, 'matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record.'" *IBM*, 18-1 BCA ¶ 37,002 at 180,195 (citing *A&D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1147 (Fed. Cir. 2014)). In *Lockheed Martin Integrated Systems, Inc.*, ASBCA Nos. 59508, 59509, the Board stated:

> For purposes of assessing whether the claim before us states a claim upon which relief can be granted, the primary document setting forth the claim is not the complaint, *per se*, but is either the contractor's claim or the government's claim, the letter asserted in a contracting officer's final decision as required by the Contract Disputes Act, 41 U.S.C. § 7103(a)(3).

17-1 BCA ¶ 36,597 at 178,281.

The government moved to dismiss count I of ASBCA No. 61585 because it alleged that appellant previously acknowledged that the government issued payment for the $31,826.70 it now claims it is owed for outstanding invoices. In appellant's initial certified claim to the government, dated March 20, 2017, appellant stated, "Exchange paid good faith amount of $31,826.70 to offset a portion of losses." (SOF ¶ 2a) Because appellant has already been paid, appellant is not entitled to any further relief.

Accordingly, the government's motion to dismiss count I is granted. Thus, the claim for unpaid invoices in the amount of $31,826.70 is dismissed.

*II. Government's Motion To Dismiss "Missed Opportunities" (ASBCA No. 61585 Count VII)*

In order to recover lost profits for breach of contract, appellant must demonstrate, by a preponderance of the evidence, that:

> (1) [T]he loss was the proximate result of the breach;
> (2) the loss of profits caused by the breach was within the

7

contemplation of the parties because the loss was
foreseeable or because the defaulting party had knowledge
of special circumstances at the time of contracting; and
(3) a sufficient basis exists for estimating the amount of
lost profits with reasonable certainty.

*Energy Capital Corp. v. United States*, 302 F.3d 1314, 1325 (Fed. Cir. 2002); *see also*
*CACI Int'l, Inc.*, ASBCA Nos. 53058, 54110, 05-1 BCA ¶ 32,948 at 163,254.

The Board decided the issue of "missed opportunities" in count IV of ASBCA
No. 61379 regarding this contract,[1] in a decision that was decided by three Board
judges. *Shaw LLC*, 18-1 BCA ¶ 37,003 (citing *Simplix*, ASBCA No. 52570, 06-1
BCA ¶ 33,240 at 164,727) ("[T]he attenuation of the connection between the
government's administration of the contract and appellant's claim, essentially for
monies allegedly lost under contracts that appellant did not enter with third-parties, is
one for a type of consequential damages that are too remote and speculative to be
recovered against the government.").

The government has now filed a motion to dismiss count VII of ASBCA
No. 61585, which again concerns "missed opportunities" (SOF ¶ 12). The situation
concerning "missed opportunities" in ASBCA No. 61585 is exactly the same as in
ASBCA No. 61379, except that appellant presented a different amount in the new
appeal (SOF ¶ 4). In ASBCA No. 61585, appellant still fails to demonstrate by a
preponderance of the evidence that the government's actions caused appellant's
"missed opportunities" during the administration of the contract or, in other words,
"the attenuation of the connection between the government's administration of the
contract and appellant's claim, essentially for monies allegedly lost under contracts
that appellant did not enter with third-parties, is one for a type of consequential
damages that are too remote and speculative to be recovered against the government."
*Shaw LLC*, 18-1 BCA ¶ 37,003.

Therefore, the government's motion to dismiss count VII is granted. Thus,
appellant's claim for "missed opportunities" in the amount of $2,206,002.00, is dismissed.

*III. Government's Motion to Dismiss Punitive Damages (ASBCA No. 61585
Count VIII)*

When deciding a motion to dismiss for lack of subject matter jurisdiction as we
are for count VIII here, "we only accept as true an appellant's uncontroverted factual

---

[1] While appellant requested reconsideration of exemplary damages specifically, and
did not mention "missed opportunities," the Board has also reviewed its prior
decision on "missed opportunities" because appellant pled the same count in
ASBCA No. 61585.

8

allegations." *Elizabeth Construction Company*, ASBCA No. 60723, 17-1 BCA ¶ 36,839 at 179,517 (citing *Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1354 (Fed. Cir. 2011); *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1584 n.13 (Fed. Cir. 1993)).  Here, the Army does not request that we use anything but appellant's filings in which it requests exemplary damages, which we interpret as punitive damages, and "missed opportunities," which we interpret as lost profits.

This Board cannot award punitive damages.  "Absent express consent of Congress, no punitive damages can be recovered against the United States." *Janice Cox d/b/a Occupro Limited*, ASBCA No. 50587, 01-1 BCA ¶ 31,377 at 154,930-31 (citations omitted).  Congress has not expressly consented to the Board awarding punitive damages.  Thus, we do not possess subject matter jurisdiction.  Where we do not have jurisdiction, we have no power to do anything other than strike the matter from our docket. *Id.*

While *pro se* litigants, such as appellant, are often held to less stringent pleading standards than by those represented by counsel, they are not exempt from meeting jurisdictional prerequisites. *Elizabeth Construction*, 17-1 BCA ¶ 36,839 at 179,517.  Appellant bears the ultimate burden of establishing jurisdiction for the Board to resolve its appeal; therefore, it must allege facts sufficient to articulate a claim that falls within our jurisdiction. *Id.* (citations omitted).

The government moved to dismiss count VIII, exemplary damages, from ASBCA No. 61585.[2]  The Board already decided the issue of punitive or exemplary damages in count II of ASBCA No. 61379 regarding the same contract. *See Shaw LLC*, 18-1 BCA ¶ 37,003.  The situation concerning exemplary damages in ASBCA No. 61585 is exactly the same as in ASBCA No. 61379, except that appellant presented a different amount in the new appeal (SOF ¶ 4).  This Board does not have subject matter jurisdiction over punitive or exemplary damages, as requested again in ASBCA No. 61585. *See Shaw LLC*, 18-1 BCA ¶ 37,003; *Consolidated Defense Corp.*, ASBCA No. 52315, 03-1 BCA ¶ 32,099 at 158,668; *Janice Cox*, 01-1 BCA ¶ 31,377; *Daiei Denki Co.*, ASBCA No. 29756, 86-2 BCA ¶ 18,840 at 94,951.

The government's motion to dismiss count VIII is granted.  Thus, appellant's claim for "exemplary damages" for $645,154.49 is dismissed.

---

[2] Based on appellant's complaint for ASBCA No. 61585, it is unclear whether appellant is still claiming "missed opportunities" as part of its appeal; however, we address it here to avoid any confusion and to dispose of the government's motion.

9

*IV. Appellant's Motions for Reconsideration*

Appellant has moved for the Board to reconsider our previous decisions: (1) to strike exemplary damages in ASBCA No. 61379; (2) denial of appellant's motion to compel discovery; and (3) the Board's precedent regarding exemplary, or punitive, damages.

*Standard for Motions for Reconsideration*

ASBCA Rule 20 sets forth the requirements for reconsideration. The rule states:

> A motion for reconsideration may be filed by either party. It shall set forth specifically the grounds relied upon to grant the motion. The motion must be filed within 30 days from the date of the receipt of a copy of the decision of the Board by the party filing the motion. An opposing party must file any cross-motion for reconsideration within 30 days from its receipt of the motion for reconsideration. Extensions in the period to file a motion will not be granted. Extensions to file a memorandum in support of a timely-filed motion may be granted.

When evaluating a motion to reconsider, the Board examines whether the motion is based upon newly discovered evidence, mistakes in the findings of fact, or errors of law. "Reconsideration is not intended to provide a party with the opportunity to reargue its position." *Robinson Quality Constructors*, ASBCA No. 55784, 09-2 BCA ¶ 34,171 at 168,911 (citations omitted).

A motion for reconsideration does not meet the requirements of Rule 20 if the motion lacks specificity in the alleged grounds upon which the motion is based. *Anis Avasta Constr. Co.*, ASBCA No. 61107, 18-1 BCA ¶ 37,060 at 180,408 (citations omitted). "Thus, we repeatedly have denied purported motions for reconsideration that do not specifically allege the grounds upon which the motion is based." *Id.* (citing *Taj Al Rajaa Co.*, ASBCA No. 58801, 14-1 BCA ¶ 35,555 at 174,229; *Southwest Marine Inc.*, ASBCA No. 33208, 89-1 BCA ¶ 21,197 at 106,972).

10

*1. Request for Reconsideration of Exemplary Damages Decision for ASBCA No. 61379*

Regarding the motion to reconsider allowing exemplary damages in ASBCA No. 61379, the Board has previously ruled on the motions, *see Shaw LLC*, 18-1 BCA ¶ 37,026, appellant has requested this reconsideration later than is allowed by our rules. The Board granted the government's motion to dismiss on March 8, 2018 (SOF ¶ 4). Appellant filed this motion for reconsideration on May 21, 2018 (SOF ¶ 15). This is outside the 30-day window for reconsideration.

Additionally, appellant failed to offer any allegations or grounds upon which to base the motion other than "to prevail equal justice." Appellant solely asked for reconsideration. Therefore, the motion fails to comply with the specificity requirements in Rule 20. *See Anis Avasta*, 18-1 BCA ¶ 37,060 at 180,408.

Finally, appellant's motion is not based upon newly discovered evidence, mistakes in the findings of fact, or errors of law. Instead, it appears to be an attempt by appellant to reargue its position, which we have repeatedly denied. *Anis Avasta*, 18-1 BCA ¶ 37,060 at 180,408. While appellant stated that he received new evidence, in the same paragraphs, he also stated that it confirmed information the government previously provided (SOF ¶ 16).

For all of these reasons, appellant's request for reconsideration regarding exemplary damages for ASBCA No. 61379 is denied.

*2. Appellant's Motion to Reconsider the Board's Decision to Compel Discovery*

Appellant requested reconsideration of the Board's decision denying appellant's motion to compel discovery (SOF ¶ 15). The Board previously denied appellant's request for discovery assistance for proportionality reasons because the request mainly dealt with information that supported appellant's claims for punitive damages, exemplary damages, and "missed opportunities" (SOF ¶ 11). Given that those counts have all been dismissed, and remain dismissed after being reconsidered in both appeals, the Board maintains that appellant's discovery request is not proportional to the appeals.

Additionally, appellant failed to offer any allegations or grounds upon which to base the motion. While appellant stated that new evidence was provided in April and May, the motion for reconsideration states that this new information confirmed prior information provided to the appellant. (App. mot. ¶¶ 4-5) Because appellant is requesting relief based on new evidence that is duplicative and simply confirms evidence already provided, the motion fails to comply with the specificity requirements in Rule 20. *See Anis Avasta*, 18-1 BCA ¶ 37,060 at 180,408.

11

Thus, appellant's motion to reconsider the Board's decision to compel discovery is denied.

### 3. Request for Reconsideration of Board Precedent Regarding Exemplary Damages

As part of appellant's motion to reconsider ruling of ASBCA Nos. 61379 and 61585, appellant specifically requested the Board reconsider *Erwin Pfister*, 01-2 BCA ¶ 31,431, and appears to have also requested reconsideration of particular paragraphs (22-24) of *Schneider Haustechnik*, 01-1 BCA ¶ 31,264, and particular paragraphs (19-21) of *Malergrossbetrieb*, 01-1 BCA ¶ 31,354 (SOF ¶ 14). This request is clearly improper. Appellant cannot, as a non-party in the above-cited appeals, request the Board reconsider our decision in these appeals, which were denied nearly 17 years ago. To the extent Shaw LLC requests that we overrule the holdings in those cases, such request is denied.

Accordingly, appellant's request for reconsideration of previously-decided Board precedent to which it was not a party is denied

Dated: November 29, 2018

HEIDI L. OSTERHOUT
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 61379, 61585, Appeals of John Shaw LLC d/b/a Shaw Building Maintenance, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals