ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Advanced Powder Solutions, Inc. ) ASBCA No. 61818
)
Under Contract Nos. FA9300-10-C-3002 )
HQ0006-06-C-7351 )
HQ0006-07-C-7601 )

APPEARANCES FOR THE APPELLANT: Bryant S. Banes, Esq.
Sean D. Forbes, Esq.
Neel, Hooper & Banes, P.C.
Houston TX

APPEARANCES FOR THE GOVERNMENT: Arthur M. Taylor, Esq.
DCMA Chief Trial Attorney
Amelia R. Lister-Sobotkin, Esq.
Trial Attorney
Defense Contract Management Agency
Chantilly VA

OPINION BY ADMINISTRATIVE JUDGE MELNICK

This appeal is about a withdrawn government claim. On June 29, 2018, a Defense Contract Management Agency (DCMA) Administrative Contracting Officer (ACO) issued a final decision to appellant, Advanced Powder Solutions, Inc. (APS). The ACO found certain costs identified by APS in its Incurred Cost Proposal for Fiscal Years (FY) 2011-2013 to be unallowable. The ACO applied those findings to unilaterally establish final indirect cost rates for the affected years. Using her rates, the ACO determined that APS was provisionally overpaid a total of $350,970 on three contracts and sought repayment. They are FA9300-10-C-3002 (the Air Force contract), HQ0006-06-C-7351, and HQ0006-07-C-7601 (the Missile Defense contracts). (R4, tab 28) APS appealed that decision. In addition to challenging the government's entitlement to the amounts sought, APS' complaint suggested that it was asserting its own claim against the government for failure to follow proper procedures and breach of the duty of good faith and fair dealing (compl.).

On December 28, 2018, APS requested that the ACO defer collection of the $350,970 demanded by the ACO (app. reply in support of partial mot. to dismiss, ex. A).

On February 11, 2019, the ACO issued what she characterized as an amended decision. Abandoning the original claims, the new decision accepted "the pools, bases,

and rates proposed by APS in its final indirect cost rate proposals for FYs 11-13." (Gov't mot., ex. G-1) Thus, the new decision "completely [withdrew] all claims arising under or relating to FYs 2011-2013" eliminating "any dispute regarding [the government's] demand for payment relating to" those fiscal years (answer part II). The ACO's change of course led her to withdraw the entire portion of the original $350,970 claim applicable to the Air Force contract, which was $73,873 (gov't mot., ex. G-1).

The ACO was not finished with the Missile Defense contracts. Though satisfied with APS' indirect cost rates for FYs 2011-13, the ACO advanced a new claim for those two contracts, contending that APS had been paid more in cumulative allowable costs for each contract than had been agreed to by the parties in FY 2006 through 2010 indirect cost rate agreements. This new overpayment claim for the Missile Defense Contracts totaled $134,069. (*Id.*)

In May of 2019, the ACO provided APS the requested draft agreement that would defer collection of the $350,970 sought in the original ACO decision. APS objected, observing that the ACO had withdrawn the demand for that amount. (App. reply in support of partial mot. to dismiss, ex. A) There is no indication that the parties did anything more regarding deferment.

The government has moved to dismiss APS' allegations that the government failed to follow proper procedures and breached the duty of good faith and fair dealing, contending that the Board lacks jurisdiction to consider that action. In response, APS denies that it is asserting such claims (app. opp'n at 9). APS' response is deemed to have withdrawn those allegations and they require no further consideration.

The government also initially sought dismissal as moot the portion of the appeal pertaining to the Air Force contract claim. The government noted that the ACO now accepts APS' proposed FY 2011-13 indirect cost rates and has withdrawn its claim for amounts due on the Air Force contract. In later briefing, the government expanded that request, seeking dismissal of the entire appeal since its reasons equally apply to the original decision's demands related to the Missile Defense contracts.

APS objects to dismissal of the appeal as moot. It agrees that the government has withdrawn all of the claims that were contained in the first ACO final decision and that are the subject of this appeal. It also concedes that it has not appealed the ACO's new Missile Defense contract claims contained in the amended decision. It says this Board has declined to dismiss as moot small contractor appeals from withdrawn government claims because such parties might qualify for costs and attorney fees under the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504. Instead of dismissal, it argues that the government's withdrawal of the original decision's claims entitle it to summary judgment. Finally, stressing that it has not appealed the amended ACO decision's new claims, APS separately seeks their dismissal anyway.

2

The contracting officer's unequivocal withdrawal of a government claim, as is the case here, leaves nothing before the Board and therefore it does not retain jurisdiction over the appeal. *AeroVironment, Inc.*, ASBCA No. 58598, 16-1 BCA ¶ 36,337 at 177,180. Accordingly, the appeal must be dismissed as moot. *Quimba Software, Inc.*, ASBCA No. 59197, 19-1 BCA ¶ 37,350. Nothing in EAJA excludes the appeals of small businesses from this requirement. Nor do the other board decisions cited by APS. *See Synex, Inc.*, AGBCA No. 97-162-1, 97-2 BCA ¶ 29,277; *Thomas J. Murray, Jr.*, GSBCA No. 6869, 84-1 BCA ¶ 17,081. Indeed, the possible "availability of EAJA fees is not an appropriate consideration...when determining how to dispose of a case." *Chapman Law Firm Co. v. Greenleaf Constr. Co.*, 490 F.3d 934, 939 (Fed. Cir. 2007).

APS also objects to dismissal on the ground that the ACO's May 2019 draft deferment of the $350,970 shows that the government intends to resurrect that claim in the future. In other words, the government's February 11, 2019, withdrawal of the claim cannot be trusted. It cites language in *Rothe Development Corp. v. Department of Defense*, 413 F.3d 1327, 1332 (Fed. Cir. 2005), for the proposition that voluntary cessation of an action does not moot a claim unless it is clear that the act cannot reasonably be expected to recur. However, the "linchpin" of this Board's limited jurisdiction is either a claim by the contractor or the government. *TTF, LLC*, ASBCA No. 59511, 15-1 BCA ¶ 35,883 at 175,433. Without one, the Board simply cannot entertain an appeal. This distinguishes the facts here from those of *Rothe*, which included a district court's consideration of a due process claim. The amended ACO decision unequivocally withdraws the claims at issue here. An unexecuted draft deferment does not change that fact. Anyway, we are required to assume the government will carry out its representations in good faith absent either clear and convincing evidence or "well-nigh irrefragable proof" to the contrary. *Chapman Law Firm Co.*, 490 F.3d at 940 (internal citations omitted); *Am-Pro Protective Agency, Inc. v. United States*, 281 F.3d 1234, 1239-40 (Fed. Cir. 2002). Against that backdrop, the draft deferment agreement does not establish a reasonable expectation that the original claim will recur. *Chapman Law Firm Co.*, 490 F.3d at 940 (finding that when there is no reasonable expectation of recurrence than dismissal is required). It is far more indicative of an error than a nefarious plan to whipsaw APS back and forth.

The appeal is moot and is dismissed for lack of jurisdiction.*

Dated: August 19, 2019

                      MARK A. MELNICK
                      Administrative Judge
                      Armed Services Board
                      of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61818, Appeal of Advanced Powder Solutions, Inc., rendered in conformance with the Board's Charter.

Dated:

                      PAULLA K. GATES-LEWIS
                      Recorder, Armed Services
                      Board of Contract Appeals

---

* Because nobody suggests that APS has appealed the new claims advanced by the ACO in the amended decision, APS' separate motion to dismiss those claims is inapplicable and therefore denied. The government's motion to strike a sur-reply filed by APS is also denied.