ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| DynCorp International, LLC | ) | ASBCA No. 62227 |
| | ) | |
| Under Contract No. FA8617-17-C-6210 | ) | |

APPEARANCES FOR THE APPELLANT:    Gregory S. Jacobs, Esq.
    Erin L. Felix, Esq.
     Polsinelli PC
     Washington, DC

APPEARANCES FOR THE GOVERNMENT:    Jeffrey P. Hildebrant, Esq.
     Air Force Deputy Chief Trial Attorney
    Erika L. Whelan Retta, Esq.
     Trial Attorney

### OPINION BY ADMINISTRATIVE JUDGE MELNICK GRANTING THE GOVERNMENT'S MOTION TO DISMISS AND DENYING APPELLANT'S MOTION TO SUSPEND PROCEEDINGS

This appeal has challenged a Contractor Performance Assessment Reporting System (CPARS) evaluation. Appellant, DynCorp International, LLC (DynCorp), has sought a judgment ordering the correction of two marginal CPARS ratings issued as part of an evaluation by the United States Air Force Materiel Command (government) for the contract referenced above. DynCorp claimed the ratings were inaccurate and unfair. The government seeks dismissal of the appeal as moot. It explains that the contracting officer has recently withdrawn the entire CPARS evaluation for review and to make any appropriate changes, taking into account DynCorp's contentions. Thus, the government says it has already satisfied DynCorp's demands and there is nothing more for the Board to do.

DynCorp responds to the government's request with its own motion. It does not deny that the government has withdrawn the evaluation or that the appeal is moot. Indeed, it says it supports the steps the government intends to take. But, instead of dismissing the appeal DynCorp thinks the Board should retain jurisdiction and suspend the proceeding until the government issues a revised evaluation. It complains about the prejudice it might suffer should the government ultimately issue a second set of marginal ratings. DynCorp says that it would have to maneuver through the contract claim process again and file a new appeal with its associated pleading procedures. All the while the new, ostensibly objectionable marginal ratings would influence agency past performance reviews of DynCorp.

Generally, a claim must be dismissed as moot when the issues presented are no longer live. *Rothe Dev. Corp. v. Dep't of Defense*, 413 F.3d 1327, 1331 (Fed. Cir. 2005). So, when it develops during litigation that the relief sought has been granted, or the matters in controversy are no longer at issue, the case is moot and should be dismissed for lack of jurisdiction. *See Chapman Law Firm Co. v. Greenleaf Constr. Co.*, 490 F.3d 934, 939 (Fed. Cir. 2007); *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994), *cited in Rothe Dev. Corp.*, 413 F.3d at 1331. This dispute is no longer live given that the government has withdrawn the CPARS evaluation and is reconsidering it in light of DynCorp's assertions.[*] DynCorp does not suggest that it seeks any other relief from the Board. DynCorp's request that we retain the appeal in a suspended status anyway because it might disagree with a yet to be issued new evaluation reflects a concern premised upon mere speculation. It is not grounded in a live dispute between the parties that is properly before the Board. Because we lack jurisdiction over this moot appeal, we are required to dismiss it. *See Johns-Manville Corp. v. United States*, 893 F.2d 324, 327 (Fed. Cir. 1989).

Appellant's motion to suspend proceedings is denied. The government's motion to dismiss is granted.

Dated: August 28, 2020

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

---

[*] DynCorp does not argue that the "voluntary cessation" exception to the mootness doctrine applies here. We see no reason to conclude it should, given the presumption that the government will carry out its actions in good faith. *See Chapman*, 490 F.3d at 940.

2

I concur                                    I concur


RICHARD SHACKLEFORD                         J. REID PROUTY
Administrative Judge                        Administrative Judge
Acting Chairman                             Vice Chairman
Armed Services Board                        Armed Services Board
of Contract Appeals                         of Contract Appeals


I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62227, Appeal of DynCorp International, LLC, rendered in conformance with the Board's Charter.

Dated:  August 28, 2020


PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals