ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Patriot Group International, Inc. ) | ASBCA No. 60950 |
| ) | |
| Under Contract No. HHM402-14-D-0002 ) | |

APPEARANCE FOR THE APPELLANT:      Eden Brown Gaines, Esq.
                                                                    Washington, DC

APPEARANCES FOR THE GOVERNMENT:      Raymond M. Saunders, Esq.
                                                                         Army Chief Trial Attorney
                                                                         LTC Robert B. Nelson, JA
                                                                         Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE D'ALESSANDRIS

In November 2013, appellant, Patriot Group International, Inc. (Patriot) entered into a contract with the Defense Intelligence Agency (DIA or government). The contract did not contain provisions making the contract subject to the Service Contract Act (SCA) and did not contain a wage determination. In July 2014, the contract was modified to incorporate a wage determination for the Cleared American Guard (CAG) labor category, and to compensate Patriot, retroactively and prospectively for the increased wage rate for the CAG labor category. In addition to the CAG labor category, the contract also included Cleared American Escort (CAE) and Cleared Surveillance Technician (CST) labor categories. Despite Patriot's assertions that the CAE and CST labor categories were also subject to the SCA, the July 2014 modification did not incorporate wage determinations for these labor categories. Patriot filed a claim seeking reimbursement of the SCA wage differential for the CAE and CST labor categories, and additional funds for the CAG labor category, and subsequently appealed to the Board.

In April 2017, the government filed a motion to dismiss Counts II and III of Patriot's complaint for lack of jurisdiction because the contract provides that the wage determination requested by Patriot can only be issued by the Department of Labor (DOL) (gov't first mot. at 1). In its reply brief, the government informed the Board that it had belatedly forwarded Patriot's wage determination conformance request to the Department of Labor. The parties subsequently cooperated in an effort to get a determination from the DOL, and the government offered to bilaterally modify the contract to incorporate any wage determination issued by DOL. Following multiple submissions and revisions of the conformance request, the DOL issued its decision on the conformance request. Patriot subsequently amended its certified claim to revise

the claim amount. On April 5, 2019, the contracting officer issued a final decision awarding Patriot the requested amount, plus CDA interest. Four days later, the government filed a motion to dismiss, asserting Patriot's appeal was mooted by the final decision (gov't second mot. at 4-5). Patriot does not dispute that the final decision awarded the claimed amounts, but contends that the appeal should be the subject of a joint stipulation of dismissal so that it can seek attorney fees pursuant to the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504. For the reasons stated below, we grant the government's second motion.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THIS MOTION

On August 14, 2013, the Defense Intelligence Agency, Virginia Contracting Activity, issued Indefinite Delivery Indefinite Quantity Request for Proposal (RFP) No. HHM402-13-R-0018 for global construction security services (R4, tab 1 at 1, 3). On November 29, 2013, Patriot was awarded Contract No. HHM402-14-D-0002 (R4, tab 6). Both the RFP and the contract contained Federal Acquisition Regulation (FAR) 52.222-41 SERVICE CONTRACT ACT OF 1965 (NOV 2007) and FAR 52.222-53 EXEMPTION FROM APPLICATION OF THE SERVICE CONTACT ACT TO CONTRACTS FOR CERTAIN SERVICES – REQUIREMENTS (FEB 2009) (R4, tab 1 at 49; tab 6 at 19-20).

On April 1, 2014, the government issued a task order to Patriot for services to be performed in the Washington, DC area (R4, tab 10). On July 11, 2014, the government issued a modification to the contract to incorporate a wage determination for the CAG labor category (R4, tab 14). On August 25, 2014, the government modified the task order to add $294,861.00 to the contract to compensate Patriot for the higher wage rates for the CAG category under the wage determination (R4, tab 20). Patriot asserts that its CAE and CST positions were also subject to the SERVICE CONTRACT ACT (app. first opp'n ¶¶ at 12-14). On April 2, 2015 Patriot sent a request for a conformance action to the contracting officer, and indicated that the attached letter, dated April 1, 2015, had been sent directly to the DOL (R4, tab 30 at 1). In the request, Patriot indicated that the CAE labor category should be subject to the Guard I category in the wage determination and that the CST labor category should be conformed[1] to the Engineering Technician III wage category (*id.* at 4-5). Patriot asserts that the contracting officer took no action in response to the request and did not forward the request to the DOL (R4, tab 63 at 2).

---

[1] The "conformance process is a method in which contractors may propose job titles and wage rates to legally employ workers in occupations not listed in the wage determination (WD) applicable to the contract. The proposed wage rates should be reasonably relative to other occupational wage rates on the applicable WD." U.S. Department of Labor Wage and Hour Division "Mc-Namara - O'Hara Service Contract Act [SCA] Conformance Guide" (app. first opp'n, ex. 3 at 3).

On August 1, 2016, Patriot submitted a certified claim in the amount of $225,493.61 (R4, tab 63). On August 24, 2016, Patriot submitted an amended certified claim demanding $727,971.68 (R4, tab 65). By letter dated September 30, 2016, the government informed Patriot it would issue its final decision by November 10, 2016 (R4, tab 66). Patriot then filed with the Board a request for an order directing the contracting officer to issue a final decision not later than October 28, 2016. By opinion dated October 25, 2016, the Board directed the contracting officer to issue a final decision by November 10, 2016. *Patriot Group International, Inc.*, ASBCA No. 60846-972, 2016 WL 6639611 (Oct. 25, 2016) (R4, tab 69).

On November 10, 2016, rather than issuing a final decision on Patriot's claim, the Contracting Officer sent Patriot a letter requesting additional information and disputing Patriot's assertion that the CAE and CST labor categories fell under the wage determination labor categories (R4, tab 70). The letter additionally stated that FAR 52.222-41(t) provides that disputes concerning labor standards are solely resolved in accordance with the DOL procedures at 29 C.F.R. Parts 4, 6, and 8 (*Id.* at 2).

In addition, on November 10, 2016, the parties executed bilateral Modification P00006 to the contract with an effective date of July 11, 2014 (R4, tab 71). The modification incorporated FAR 52.222-41, SERVICE CONTRACT LABOR STANDARDS (MAY 2014), into the contract by reference. This clause provides in relevant part:

> (t) Disputes concerning labor standards. The U.S. Department of Labor has set forth in 29 CFR Parts 4, 6, and 8 procedures for resolving disputes concerning labor standards requirements. Such disputes shall be resolved in accordance with those procedures and not the Disputes clause of this contract. Disputes within the meaning of this clause include disputes between the Contractor (or any of its subcontractors) and the contracting agency, the U.S. Department of Labor, or the employees or their representatives.[2]

(R4, tab 71 at 10)

---

[2] The provision is unchanged from FAR 52.222-41(t), SERVICE CONTRACT ACT OF 1965 (NOV 2007) that was already incorporated by reference into the contract (R4, tab 6 at 19).

3

On December 19, 2016, Patriot filed its notice of appeal and complaint with the Board, asserting a deemed denial of its claim. In its complaint, Patriot demanded $953,465.29, and asserted entitlement to retrospective and prospective wage increases for the CAG [Count I], CAE [Count II] and CST [Count III][3] contract labor positions (compl. ¶¶ 15-33).

On April 11, 2017, the government filed a motion to dismiss Counts II and III of Patriot's appeal for lack of subject matter jurisdiction, and requested that the Board stay proceedings pending resolution of the motion (gov't first mot. at 1, 6). The Board granted the requested stay in an order dated April 12, 2017 (Bd. corr. ltr. dtd. Apr. 12, 2017). In its reply brief, the government represented that it submitted a SF 1444 to the DOL on June 13, 2017, the day before filing the brief (gov't first reply at 7).

The parties subsequently cooperated in an effort to get a determination from the DOL. In a joint status report dated November 21, 2017, the parties reported that "the government has offered to enter into a bilateral modification of Contract No. HHM402-14-D-002_0001 incorporating applicable Wage Determinations ('WDs') with the appellant" (Bd. corr. ltr. dtd. Nov. 21, 2017). Following multiple submissions and revisions of the conformance request, the DOL issued its decision on the conformance request for the CST labor category on December 7, 2018 and its decision of the CAE labor category on December 13, 2018 (Bd. corr. ltr. (app. status) dtd. Jan. 9, 2019; Bd. corr. ltr. (gov't status) dtd. Jan. 9, 2019). Patriot amended its certified claim on January 16, 2019, revising the claim amount to $962,015.92 (gov't second mot., at exs. 1-2). On April 5, 2019, the contracting officer issued a final decision awarding Patriot the requested amount, plus CDA interest (*id.* ex. 1). Four days later, the government filed a motion to dismiss, asserting Patriot's appeal was mooted by the final decision (*id.* at 1).

## Decision

The government moves to dismiss Patriot's appeal as moot because the contracting officer issued a final decision that awarded Patriot its requested relief (gov't second mot. at 1). Patriot opposes the motion as an attempt to prevent it from filing a motion for attorney fees pursuant to the Equal Access to Justice Act (app. second opp'n at 1-2).

It is well established that the Board must dismiss as moot an appeal when the appellant has received all the relief requested. *See, e.g., Shiloh Services, Inc.,* ASBCA No. 61134, 18-1 BCA ¶ 37,117 at 180,662 (citing *Chapman Law Firm Co. v. Greenleaf Constr. Co.,* 490 F.3d 934, 939 (Fed. Cir. 2007)). Here, Patriot does not dispute that the government has paid it the amounts asserted in its revised claim,

_____

[3] Patriot's complaint actually refers to the counts as § III.A to § III.C.

4

including CDA interest (app. second opp'n at 3). Patriot has not identified any costs for which it has not been compensated. Accordingly, we find that the contracting officer's April 5, 2019 final decision has mooted Patriot's appeal.

Patriot contends that an order dismissing the action pursuant to a joint stipulation of dismissal, rather than a dismissal for mootness, would allow it to file a petition pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 (*id.* at 3-4). Patriot additionally contends that the procedural posture in this matter, with Patriot appealing from a final decision denying its claim,[4] rather than the deemed denial and subsequent final decision granting relief as in *Shiloh* means that *Shiloh* is not controlling here. Patriot additionally contends that the government made "misrepresentations" and used "subterfuge" in issuing a final decision "to deprive the Board of subject matter jurisdiction." Finally, Patriot contends that an order by the Board dismissing the appeal as moot because all relief was granted would "remain a basis for an application pursuant to EAJA as Patriot Group would still be the prevailing party within the meaning of the law." (*Id.* at 4)

EAJA provides that a business with a net worth less than $7,000,000 that prevails before the Board "shall [be] award[ed]" the fees and other expenses that it incurred unless the position of the government was "substantially justified" or other circumstances make such an award unjust. 5 U.S.C. § 504; *see also Rex Systems, Inc.*, ASBCA No. 52247, 02-1 BCA ¶ 31,760 at 156,854. Here, it makes no difference for the determination of "prevailing party" status, whether the appeal is dismissed as moot, or dismissed by joint stipulation of the parties.[5] In addition, we find that the difference in procedural posture in this appeal compared to *Shiloh* is legally irrelevant. Even assuming the truth of Patriot's assertions of "misrepresentations" and "subterfuge," the difference between a dismissal based upon a motion to dismiss as moot and dismissal based upon a joint stipulation of dismissal is irrelevant to any issue currently before the Board. Moreover, we note that the parties jointly represented to the Board back in November 2017 that "the government has offered to enter into a

---

[4] We note that, contrary to its argument here, Patriot alleged in its complaint that it was appealing from a deemed denial of its claim (compl. ¶ 1).

[5] We note that Patriot cites the Board's decision in *Lucia E. Naranjo*, ASBCA No. 52084, 00-2 BCA ¶ 30,937, for the proposition that a party may be eligible for EAJA fees if an appeal serves as the "catalyst" to a settlement (app. second opp'n at 4). However, that opinion pre-dates the Supreme Court's decision in *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001). Following *Buckhannon*, the Board has held that a joint stipulation of dismissal does not qualify as a judgment on the merits or a consent decree, and does not establish an appellant as a prevailing party. *See, e.g., Poly Design, Inc.*, ASBCA Nos. 48591 *et al.*, 01-2 BCA ¶ 31,644 at 156,303.

bilateral modification" of the contact, a process that naturally would lead to payment by the contracting officer through the contract (Bd. corr. ltr. dtd. Nov. 21, 2017). Finally, to the extent Patriot is requesting a determination that it is a prevailing party in the litigation, we find that such a request is premature. *See Shiloh*, 18-1 BCA ¶ 37,117 at 180,662. For these reasons, we grant the government's motion to dismiss Patriot's appeal.

## CONCLUSION

The government's second motion to dismiss Patriot's appeal as moot is granted. The government's first motion to dismiss Counts II and III of Patriot's complaint is denied as moot.

Dated: July 22, 2019

DAVID D'ALESSANDRIS
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

6

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60950, Appeal of Patriot Group International, Inc., rendered in conformance with the Board's Charter.

Dated:

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals
