ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| Scot Cardillo dba Engineers Tooling | ) ASBCA No. 62051 |
| Support | ) |
| | ) |
| Under Contract No. N00174-11-D-0004 | ) |

APPEARANCE FOR THE APPELLANT:       Matthew J. McGrath, Esq.
                                      The McGrath Law Group, LLC
                                      Washington, DC

APPEARANCES FOR THE GOVERNMENT:    Craig D. Jensen, Esq.
                                        Navy Chief Trial Attorney
                                      Sharon G. Hutchins, Esq.
                                      Trial Attorney

### OPINION BY ADMINISTRATIVE JUDGE WITWER
### ON THE GOVERNMENT'S MOTION TO DISMISS

This appeal involves a government claim for the return of government-furnished property (GFP). The contracting officer's final decision from which the appeal was taken has been rescinded. Accordingly, respondent, the Naval Surface Warfare Center (Navy or government), moves to dismiss the appeal as moot. Appellant, Scot Cardillo dba Engineers Tooling Support (ETS), objects to dismissal on several grounds, none of which provide a basis for the Board to retain jurisdiction over the appeal. The government's motion is granted, and we dismiss the appeal for lack of jurisdiction as moot.

### STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

In November 2010, the Indian Head Division of the Naval Surface Warfare Center awarded Contract No. N00174-11-D-0004 to ETS for the fabrication, inspection, and delivery of primer cups and anvils (R4, tab 1.1 at 96, 127). The contract specified that the Navy would provide the production equipment and raw material required for fabrication (*id.* at 127), and included a list of government-furnished equipment and material, including the tool and die sets at issue here (*id.* at 130-31, 156-57).

After approximately five years of performance, the Navy terminated the contract for the convenience of the government with an effective date of November 3, 2015 (R4, tab 1.3 at 262). The Navy instructed ETS to return all GFP, including the tool and die sets (*id.* at 262-64). In February 2016, ETS returned some equipment to the Navy

(R4, tab 2 at 401). After inspecting the equipment, however, the Navy determined that ETS failed to return all GFP provided under the contract (*id.* at 401-08). In particular, the Navy alleged that ETS failed to return numerous components of the tooling and die sets (*id.*). Accordingly, in letters dated March 9 and November 4, 2016, the Navy demanded that ETS return the GFP (*id.*).

On April 10, 2019, the contracting officer issued a final decision (COFD) asserting a government claim against ETS in the amount of $21,347 for GFP the Navy asserts ETS failed to return (R4, tab 2 at 400). ETS timely appealed the decision to the Board and requested that the COFD "be set aside, with no monies owed" (compl. at 5).[1]

On January 23, 2021, three days prior to the hearing scheduled in this appeal, ETS returned additional equipment to the Navy. (*See* gov't mot. at 3; app. notice to Bd. dtd. Jan. 25, 2021 at 1) The parties subsequently requested to postpone the hearing so that the Navy could insect the equipment (gov't corr. dtd. Jan. 25, 2021). After inspecting the equipment, the contracting officer rescinded the April 2019 final decision.

More precisely, in a November 2021 letter to ETS, the contracting officer stated that, because ETS returned the GFP identified in the two demand letters and the final decision, the contracting officer had rescinded the final decision (gov't mot. ex. 1). Later, in a declaration dated January 11, 2022, the contracting officer stated, in pertinent part:

> 14. On 23 January 2021, ETS returned the missing GFP to [Naval Surface Warfare Center] Indian Head.
>
> 15. On 3 November 2021, I issued a letter to ETS rescinding the COFD because the Government had completed its examination of the items returned and determined that ETS had returned the GFP identified in the references attached to the COFD.
>
> 16. I unequivocally withdrew the 10 April 2019 COFD and demand for payment of $21,347.00 since the missing GFP had been returned. The Government has no intention of issuing another COFD seeking payment for, or the return of, GFP that was the subject of the 10 April 2019 COFD.

(Gov't reply, attach. 1, Demetrius R. Green decl. dtd. Jan. 11, 2022, at ¶¶ 14-16)

---

[1] Citations to page numbers in the complaint are to the pdf page numbers.

As a result of the rescission of the final decision, the Navy moved to dismiss the appeal as moot on November 12, 2021.  On December 12, 2021, ETS opposed dismissal and, on January 12, 2022, Navy filed a reply in support of its motion.

DECISION

I.      The Navy's Unequivocal Rescission of its Claim Renders the Appeal Moot.

It is well established that when a contracting officer unequivocally rescinds a government claim, the government's action moots the appeal, leaving the Board without jurisdiction to entertain the appeal further.  *Combat Support Assocs.*, ASBCA Nos. 58945, 58946, 16-1 BCA ¶ 36,288 at 176,974.  *See also, e.g., Satterfield & Pontikes Constr., Inc.*, ASBCA Nos. 59980, 62301, 21-1 BCA ¶ 37,873 at 183,908; *L3 Techs., Inc.*, ASBCA No. 61811 *et al.*, 21-1 BCA ¶ 37,808 at 183,601-02; *Advanced Powder Solutions*, ASBCA No. 61818, 19-1 BCA ¶ 37,425 at 181,897, aff'd, 831 F.App'x. 501 (Fed. Cir. 2020); *Quimba Software, Inc.*, 19-1 BCA ¶ 37,350 at 181,613; *FlightSafety Int'l Inc.*, ASBCA No. 60415, 2018 WL 7200012; *URS Fed. Support Servs., Inc.*, ASBCA No. 60364, 17-1 BCA ¶ 36,587 at 178,204; *AeroVironment, Inc.*, ASBCA Nos. 58598, 58599, 16-1 BCA ¶ 36,337 at 177,180-81.

The basis for such a dismissal is the constitutional requirement for "a case or controversy."  *L3 Techs., Inc.*, 21-1 BCA ¶ 37,808 at 183,602.  "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Id.* (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).  As the Court of Appeals for the Federal Circuit explained in *Ferring B.V. v. Watson Labs., Inc.-Fla.*, 764 F.3d 1382 (Fed. Cir. 2014), "[a] case becomes moot when interim relief or events have eradicated the effects of a defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur." 764 F.3d at 1391 (citing *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). *See also Chapman Law Firm Co. v. Greenleaf Constr. Co.*, 490 F.3d 934, 939 (Fed. Cir. 2007) ("When, during the course of litigation, it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should generally be dismissed.").

Here, the relief sought by ETS in its complaint, *i.e.*, that the final decision "be set aside, with no monies owed" (compl. at 5), has been granted by the Navy. Moreover, there is no reasonable expectation that the Navy will reassert its claim. In this regard, where the government takes action to rescind or withdraw its claim, the "threshold inquiry" before the Board is whether the government's action is unequivocal.  *See Satterfield & Pontikes Constr., Inc.*, 21-1 BCA ¶ 37,873 at 183,908. We find the Navy's actions in this matter to be unequivocal.

3

In the November 2021 letter to ETS, the contracting officer rescinded the final decision and expressly acknowledged that ETS returned the equipment that formed the basis for the claim (gov't mot. ex. 1). Thus, the letter reflects the rescission of the final decision and the elimination of the dispute between the parties that was embodied within that decision. Relying on the good faith presumption attributable to government officials, *Croman Corp. v. United* States, 724 F.3d 1357, 1364 (Fed. Cir. 2013), we find the concession by the Navy, *i.e.*, that ETS returned the GFP, leaves no reasonable expectation that the dispute will recur in its present form.

The January 2022 declaration executed by the contracting officer provides the same assurances. In the declaration, the contracting officer, once again, acknowledged that ETS returned the missing equipment (gov't reply, attach. 1, Green decl. at ¶¶ 14, 15). Additionally, the contracting officer stated that he "unequivocally withdrew" the government's claim and that "[t]he Government has no intention of issuing another COFD seeking payment for, or the return of, GFP that was the subject of the 10 April 2019 COFD" (*id.* at ¶ 16). Such language demonstrates a clear and unambiguous intent not to reassert the claim in the future. We have consistently dismissed appeals as moot based upon similar representations by the government. *See e.g.*, *L3 Techs., Inc.*, 21-1 BCA ¶ 37,808 at 183,601; *Combat Support Assocs.*, 16-1 BCA ¶ 36,288 at 176,973; *Lasmer Indus., Inc.*, ASBCA No. 56411, 09-1 BCA ¶ 34,115 at 168,687-88, aff'd, 360 F.App'x 118 (Fed. Cir. 2010).

In sum, the above-captioned appeal is dismissed as moot because the Navy has granted the relief requested by ETS and has unequivocally rescinded the government's claim. In the remainder of our decision, we address the objections raised by ETS, none of which we find to have merit.

II.     ETS's Objections Provide No Basis to Retain Jurisdiction Over the Appeal.

ETS raises four objections, which fall within two general categories. In the first category, ETS questions whether the Navy's rescission of its claim is sufficiently unequivocal to render the appeal moot. In the second category, ETS argues that, even assuming that the rescission of the claim is sufficiently unequivocal, the Navy's "action only partially moots the case" (app. opp'n at 1). We address the objections by category below.

A. ETS Fails to Demonstrate That the Navy's Actions Are Insufficiently Unequivocal.

First, ETS argues that the November 2021 letter is insufficient to support dismissal because "the Government has not unequivocally stated an intent *not* to revive its claim against ETS in some form" (app. opp'n at 6, 8 n.10). We need not address whether such a statement is required to render the appeal moot because,

4

as established above, the contracting officer included such a statement in his January 2022 declaration.  Thus, ETS's argument is contradicted by the evidence.

ETS's second argument alleging that the rescission is not sufficiently unequivocal is difficult to make out.  ETS block quotes from a decision of our sister board, the Civilian Board of Contract Appeals (CBCA), *Avue Technologies Corporation v. Agency for Global Media*, CBCA No. 6752 *et al.*, 20-1 BCA ¶ 37,639, in which the CBCA dismissed as moot three consolidated appeals after the contracting officer withdrew the final decisions giving rise to the appeals.  In its opposition, ETS does not adequately explain how this decision supports its position (*see* app. opp'n at 8-9).[2]  Our review of the CBCA's decision leads us to conclude that the holding supports the Navy's position.

Specifically, in *Avue Technologies Corporation*, the CBCA dismissed as moot three consolidated appeals.  After the filing of the appeals, the government withdrew all three final decisions and represented that the government no longer wished to pursue the matter.  Like ETS, the appellant objected to dismissal, arguing that the withdrawals were not sufficiently unequivocal to preclude the parties' disputes from being resurrected.  Relevant here, in dismissing the appeals over the objection of the appellant, the CBCA recognized that Boards have routinely dismissed appeals as moot based upon representations from the government that the government has no intention of reasserting a demand for payment.  *Avue Techs. Corp.*, 20-1 BCA ¶ 37,639 at 182,756 (citations omitted).  Hence, although the CBCA's decision is not binding on us, our dismissal of the instant appeal appears consistent with the CBCA's holding.

For the above reasons, we conclude that neither argument advanced by ETS regarding the sufficiency of the Navy's rescission provides a valid basis to deny the Navy's motion to dismiss.

B. <u>ETS Fails to Demonstrate That There Remain Issues for The Board's Review.</u>

In the second category of objections, ETS argues that the appeal is not "entirely" moot for two reasons (app. opp'n at 8).  First, ETS argues the appeal is not entirely moot because its complaint contains "a counterclaim for breach of contract and lack of due diligence by the contracting officer" (*id.* at 4).  Second, ETS argues that the appeal is not entirely moot because there are numerous "live" issues that could

---

[2] Parties are reminded that "it is the duty of counsel, not the Board, to advocate for their respective clients." *Lebolo-Watts Constructors 01 JV, LLC*, ASBCA No. 59740 *et al.*, 21-2 BCA ¶ 37,789 at 183,426.  It is not incumbent upon the Board to become a party's advocate, to make a case for it, or to divine how a particular authority may support the party's position.

become relevant at some point in the future (*id.* at 8). As a result, ETS requests that we find the Navy's "action only partially moots the case" (*id.* at 1, 9-10), and that we consolidate the counterclaim and remaining "live" issues with ASBCA No. 61612, another appeal involving this contract (*id.* at 1, 10).[3]

With respect to the former argument, although ETS references a "counterclaim" multiple times in its opposition, ETS never expressly identifies the counterclaim in its complaint (*see id.* at 1, 4, 10). After reviewing the complaint, the Board concludes that the alleged counterclaim is comprised of a single sentence: "Furthermore, the Government has breached the duty of good faith and fair dealing which extends to the settlement of claims" (compl. at 5).[4] Even assuming for the sake of argument that ETS's counterclaim is well-pled—a questionable proposition at best—the instant appeal is derived from the government's claim, embodied in the April 2019 final decision, for the return of $21,347 worth of GFP. ETS's affirmative claim against the Navy is not before us in this matter.[5] Indeed, we lack jurisdiction over claims raised during our adjudication of an appeal, whether in a complaint or otherwise, that were not first submitted to the contracting officer for decision in the form of a qualifying claim under the Contract Disputes Act. *ACC Constr. Co.,* ASBCA No. 56451, 09-1 BCA ¶ 34,037 at 168,351 (citing *KAMP Sys., Inc.*, ASBCA No. 54253, 08-2 BCA ¶ 33,980 at 168,073); *Phoenix Petroleum Co.*, ASBCA No. 42763 *et al.*, 94-1 BCA ¶ 26,461 at 131,668. Consequently, ETS's first argument provides no basis for us to deny the Navy's motion to dismiss.

ETS's second argument suffers the same fate. In its opposition, ETS argues that the appeal is not entirely moot because there are numerous "live" issues that "could arise in a re-formatted monetary claim against ETS or could otherwise cause legal prejudice to ETS (such as administrative determinations relating to ETS's

---

[3] ASBCA No. 61612 stems from a final decision denying a monetary claim submitted by ETS. ETS refers to ASBCA No. 61612 as the "CDA claim appeal" or the "CDA case" (app. opp'n at 2, 9).

[4] When taken in context, the complaint language reasonably cannot be construed as an affirmative defense of prior material breach. Nor does ETS contend that it has asserted such a defense. Even if the complaint language could be construed in this manner, a request that we rule on the merits of this affirmative defense would be a request for an advisory opinion, which we decline to provide. *See Combat Support Assocs.*, 16-1 BCA ¶ 36,288 at 176,974.

[5] ETS acknowledges the limited scope of this appeal, stating that "[t]his appeal was taken from an April 10, 2019, COFD based upon two demand letters issued on March 9, 2016, and November 4, 2016" (app. opp'n at 3). Nowhere in its opposition does ETS contend that the appeal is derived from a qualifying claim, submitted by ETS to the contracting officer, for breach of the duty of good faith and fair dealing.

standing as a responsible contractor for the upcoming re-procurement of the cups and anvils)" (app. opp'n at 8).[6]

As an initial matter, despite ETS's obvious and continuing interest in these issues, the issues are no longer "live" because any decision by the Board regarding these issues cannot affect the rights of the litigants in this appeal. *See DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (holding that "courts are without power to decide questions that cannot affect the rights of litigants in the case before them"). Put another way, a determination by this Board on the issues raised by ETS is no longer necessary to compel the relief requested by ETS in this appeal, *i.e.*, that the final decision "be set aside, with no monies owed" (compl. at 5).[7] *L3 Techs., Inc.*, 21-1 BCA ¶ 37,808 at 183,616 n.12 (citing *Massachusetts v. E.P.A.*, 549 U.S. 497, 547 (2007) (Roberts, CJ, dissenting) (holding that "if 'case or controversy' has any meaning at all, merely symbolic wins, with no formal legal consequence, no matter how helpful to a party, are not what courts are for")).

Putting aside the nomenclature ETS uses when referring to these issues, the more fundamental problem with ETS's argument is that it deals with hypothetical, future situations. ETS requests that we issue a ruling on these issues because they

---

[6] ETS identifies the following as "live" issues: (1) "whether the anvil tooling was defective;" (2) "whether the spent and broken tooling 'spares' allegedly given to ETS were, in fact, abandoned items, per FAR 25.245-1(k);" (3) "whether ETS was liable for any lost, missing tooling items under FAR 52.245-1(h);" (4) "whether ETS had an obligation under the contract to replace spent tooling (which were consumed wear items) at the termination of the contract;" (5) "whether ETS would be liable for [a] shortfall" between "the residual tooling items on hand and those allegedly provided to ETS;" (6) "whether ETS satisfactorily fulfilled its stewardship obligations under the GFP clause;" (7) "whether ETS can claim title and trade secret rights to certain pieces of the tooling items" (*see* app. opp'n at 4-5, 6 n.4, 7-8).

[7] Although ETS contends that it requested declaratory relief regarding four of the alleged "live" issues (app. opp'n at 4-5), its complaint contains no such request. As we have recently stated, "[i]f a party wants [declaratory relief] it must explicitly seek it, rather than hoping to obtain it as an incidental consequence of" other requested relief. *L3 Techs., Inc.*, 21-1 BCA ¶ 37,808 at 183,616 n.11. Even assuming for the sake of argument that ETS asked for such relief in its complaint, we are not certain that its appeal of the government's claim for the return of GFP would have entitled it to seek such relief. For instance, ETS contends that it requested a declaratory judgment regarding whether the tooling was defective (app. opp'n at 4). Such relief, however, would most likely need to be the subject of an affirmative claim. We need not reach a conclusion on this matter in any event, as it remains hypothetical.

7

"could arise" in a future claim and "could cause" harm to ETS. The jurisdiction of the Board, however, is predicated on the existence of a valid claim. *Arctic Slope Native Ass'n. v. Sebelius*, 583 F.3d 785, 793 (Fed. Cir. 2009)*; Weststar Eng'g, Inc.*, ASBCA No. 52484, 02-1 BCA ¶ 31,759 at 156,851. ETS identifies no such claim. Thus, ETS's request is, in essence, a request for an advisory opinion. *Sun Eagle Corp.*, ASBCA Nos. 45985, 45986, 94-2 BCA ¶ 26,700 at 132,790 (where a party requests adjudication of issues "deal[ing] with hypothetical future situations, there is no case in controversy, and there is no adversarial litigant [], and [the party] asks for an advisory opinion"). We are not inclined to provide an advisory opinion on what we might do in the future if certain events transpire.

III. Procedural Matters

ETS's opposition also raises a few procedural matters. First, as noted above, ETS requests that we consolidate its counterclaim and the remaining "live" issues with ASBCA No. 61612. Because we lack jurisdiction over ETS's counterclaim and because there are no remaining live issues to adjudicate, ETS's request to consolidate this appeal with ASBCA No. 61612 is denied.

ETS also requests that we order the Navy to supplement the record with "the factual underpinnings (*e.g.*, the configuration and condition of the tooling when they were acquired by the Government and also when they were provided to ETS in 2011)" (app. opp'n at 5 & n.3) and "to disclose the results of [the Navy's] review [of the returned equipment] to ETS" (*id.* at 9 n.12). Because the Navy's action moots the appeal and obviates the need for further discovery in this matter, ETS's request, which we construe to be a motion to compel, is denied.[8]

Lastly, ETS requests that, if the Board dismisses the appeal, we do so "by a Board Order specifically identifying the *non-preclusive* impact of the dismissal" (app. opp'n at 1) (emphasis added). Elsewhere, however, ETS requests that we dismiss the Navy's monetary claim with prejudice and indicate that the "*preclusive* effect is that the Government may not refile the same $21,347 claim against ETS" (*id.* at 9-10) (emphasis added). Although we are at a loss to understand ETS's precise position with respect to the nature of the dismissal here, we note that a dismissal of an appeal as

---

[8] To the extent ETS is concerned that dismissal of this appeal will adversely impact its ability to obtain discovery in ASBCA No. 61612 (*see* app. opp'n at 9 (contending that dismissal of the appeal will "depriv[e] ETS of the facts that would support its legal contentions in the CDA case")), the Board's dismissal of this appeal as moot does not impact one way or another discovery that would be otherwise permissible and appropriate in ASBCA No. 61612. To that end, any discovery ETS believes necessary to support its direct or rebuttal case in ASBCA No. 61612 should be pursued in that appeal.

moot is without prejudice to its merits. *URS Fed. Support Servs.*, 17-1 BCA ¶ 36,587 at 178,204 (citing *Combat Support Assocs.*, 16-1 BCA ¶ 36,288 at 176,974).

CONCLUSION

For the foregoing reasons, this appeal is dismissed as moot.

Dated: June 13, 2022

ELIZABETH WITWER
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

9

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62051, Appeal of Scot Cardillo dba Engineers Tooling Support, rendered in conformance with the Board's Charter.

Dated: June 14, 2022

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals